■ MATILDA CANALE-PAROLA COPPOLA, Appellant, v. CITY OF NEW YORK et al., Respondents, et al., Defendant.— In an action to recover damages for personal injuries, plaintiff appeals, as limited by her brief, from so much of a judgment of the Supreme Court, Kings County, dated and entered March 24, 1961, as is in favor of the defendants-respondents, dismissing the complaint on the merits (as to them) at the close of plaintiff's case, after a jury trial. Judgment modified, on the law and the facts, by striking out the decretal paragraphs which dismiss the complaint as against the defendants-respondents City of New York, Walenty Jozwiak and Katarzyrna Jozwiak; new trial granted as between plaintiff and said three defendants, with costs to plaintiff to abide the event; and action severed as against the other defendants in the action. As so modified, judgment, insofar as appealed from, affirmed, with costs to defendant James Majorana, payable by plaintiff. It appears that: (a) on December 17, 1954, at about 8:00 A.M., plaintiff slipped upon ice on a crosswalk of a street in Brooklyn; (b) there was evidence from which it could be found that the ice had formed as the result of a flow of water down the street emanating from a leaking subterranean pipe leading from the city water main to the premises owned by the defendants Jozwiak; (c) said defendants and the defendant city had actual notice of the fact of the leak and of the flow of water down the street since at least about 8:00 P.M. of the previous evening; (d) in order to remedy the condition, the city's employees had actually excavated at the place of the leak, but left the site in order to do work elsewhere; and (e) the water flow had not been shut off until about the time of the accident. Under such circumstances, a jury could have found that it was foreseeable that the water would freeze overnight; that it would form into ice at the place of the accident; and that the failure to remedy the condition was actionable negligence (*Corbett* v. *City of Troy*, 53 Hun 228). Defendant Majorana was a plumber who had been engaged by the owners of the premises to make the necessary repairs. There was no evidence of misfeasance on his part. In any event, he owed no duty to plaintiff to make repairs. Accordingly, he could not be held responsible to her for her injuries (*Rosenbaum* v. *Branster Realty Corp.*, 276 App. Div. 167). Ughetta, Acting P. J., Kleinfeld, Christ, Brennan and Hopkins, JJ., concur.