■ MARIE MERSKEY-ZEGER, Appellant, v VILLAGE OF MAMARONECK, Respondent, et al., Defendants.—In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Westchester County (Ruskin, J.), entered April 17, 1990, which dismissed her complaint.

Ordered that the order is affirmed, with costs.

On March 16, 1987, the plaintiff allegedly tripped over a raised sidewalk condition, which abutted premises owned by the codefendants Anthony and Carol Piwowar in the defendant Village of Mamaroneck. The plaintiff subsequently commenced an action to recover damages for personal injuries against the Piwowars and the Village of Mamaroneck (hereinafter the Village). The Village moved for summary judgment, arguing that it had not received prior written notice of the alleged defect as required by the Village of Mamaroneck Code § 296-17. In opposition to the motion, the plaintiff conceded the absence of prior written notice, but argued that the Village had committed an "affirmative" act of negligence in connection with the sidewalk condition which obviated the written notice requirement.

Specifically, the plaintiff argued that in 1978, some nine years before her accident occurred, a Village building inspector had issued a certificate of occupancy for the premises abutting the sidewalk where the accident allegedly took place. It appears that the private contractors who originally constructed the premises in 1978 dug a trench from the street to the house in order to connect utility lines and had replaced a sidewalk slab which had to be removed as part of the job. The plaintiff submitted an affidavit from an engineer who offered his opinion that by replacing the sidewalk slab without accounting for the upward pressure of nearby tree roots, the private contractor had departed from "good and accepted" engineering practice. Relying upon the engineer's affidavit, the plaintiff's counsel argued that by subsequently issuing a certificate of occupancy for the premises without requiring a correction of this alleged engineering defect, the Village had committed an "affirmative" act of negligence. The Supreme Court rejected the plaintiff's contention and we affirm.

Contrary to the plaintiff's contentions, the issuance of a certificate of occupancy in 1978 relating to premises abutting the sidewalk where the plaintiff fell some nine years later, does not constitute an affirmative act of negligence (see, e.g., *Monteleone v Incorporated Vil. of Floral Park,* 74 NY2d 917). The issuance of the certificate of occupancy in 1978 did not create the defect of which the plaintiff presently complains. Moreover, the building inspector's issuance of the certificate is not a warranty that a sidewalk abutting the subject premises will be free from defects or irregularities which may or may not arise at some future date. Rather, the certificate merely indicates that the house adjacent to the sidewalk where the accident took place years later was constructed in conformity with the building plans submitted by the contractor and with all applicable zoning regulations (*Matter of Di Pasquale v Haskins,* 25 AD2d 490). In any event, there is no competent evidence establishing that any discernable sidewalk defect existed at the time the certificate of occupancy was issued (cf., *Ferris v County of Suffolk,* 174 AD2d 70; *Klimek v Town of Ghent,* 114 AD2d 614). Thompson, J. P., Harwood, Rosenblatt and Ritter, JJ., concur.