■ DAVID GRIFFIN, Appellant, v 19-20 INDUSTRY CITY ASSOCIATES, LLC, et al., Respondents. [829 NYS2d 233]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Bayne, J.), dated July 25, 2005, which granted those branches of the respective motions of the defendant 19-20 Industry City Associates, LLC, and the defendant Yipin Food Products, Inc., also known as Yi Pin Food Products, Inc., which were for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed, with one bill of costs.

The plaintiff slipped on ice while walking on First Avenue in Brooklyn, on a "bitterly cold" morning. At his deposition, the plaintiff testified that several hours before he fell, he observed water flowing onto the street from a building which abutted First Avenue near the location of his accident. He commenced this action against 19-20 Industry City Associates, LLC (hereinafter Industry), the owner of a building at 4023 First Avenue, and Yipin Food Products, Inc., also known as Yi Pin Food Products, Inc. (hereinafter Yipin), the tenant at 4023 First Avenue.

If water from abutting private property is permitted to flow by artificial means onto a public street where it freezes, the private landowner may be held liable for creating a dangerous

icy condition on the adjacent public property (*see Roark v Hunting*, 24 NY2d 470, 475 [1969]; *Fitzgerald v Adirondack Tr. Lines, Inc.*, 23 AD3d 907, 908 [2005]). Such liability may arise where the private property is negligently designed so as to conduct water onto a public street (*see Tremblay v Harmony Mills*, 171 NY 598, 600-601 [1902]; *Patterson v New York City Tr. Auth.*, 5 AD3d 454, 455-456 [2004]; *Herbert v Rodriguez*, 191 AD2d 887 [1993]) or where the landowner has actual or constructive notice of a defect on his or her premises causing a water discharge and icy condition onto public property (*see Coppola v City of New York*, 17 AD2d 649 [1962]; *cf. Fitzgerald v Adirondack Tr. Lines, supra* at 908-909; *Davis v City of New York*, 255 AD2d 356, 357 [1998]).

Here there are no issues of fact as to whether the alleged water leak was caused by the negligence of the defendants or whether they had actual or constructive notice of a defect which caused the leak. Although the plaintiff argues that there are issues of fact as to whether the fire suppression sprinkler system at 4023 First Avenue malfunctioned and discharged water on the morning of his accident, there is no evidence that the defendants negligently installed or maintained the system, nor is there any evidence that the defendants had actual or constructive notice of a defect on their property which caused water to leak into the street.

Accordingly, the Supreme Court properly granted those branches of the defendants' respective motions for summary judgment dismissing the complaint insofar as asserted against them. Miller, J.P., Florio, Dillon and Angiolillo, JJ., concur.