GLORIA GILMORE, Appellant, v VILLAGE OF HEMPSTEAD, Respondent, et al., Defendants. [850 NYS2d 168]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Nassau County (Woodard, J.), dated October 23, 2006, as granted the motion of the defendant Village of Hempstead for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with costs.

On its motion, the defendant Village of Hempstead made a prima facie showing of entitlement to judgment as a matter of law (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). The Village submitted evidence establishing that it lacked prior written notice of the allegedly dangerous sidewalk condition that caused the plaintiff to trip and fall (*see* Village Law § 6-628; CPLR 9804; *Koehler v Incorporated Vil. of Lindenhurst*, 42 AD3d 438 [2007]; *Horan v Christ Episcopal Church*, 227 AD2d 592 [1996]). In opposition, the plaintiff failed to raise a triable issue of fact as to whether the Village received prior written notice of the condition. The Village also established that the plaintiff had a duty to maintain the area where she fell, and was responsible for any injuries resulting from her breach of that duty (*see* Village of Hempstead Code § 116-1 [A], [B]; § 116-2; *see also Hausser v Giunta*, 88 NY2d 449, 453 [1996]; *Willis v Parker*, 225 NY 159, 164-165 [1919]). In opposition, the plaintiff failed to raise a triable issue of fact as to whether the Village affirmatively created the condition or whether the condition constituted a special use enjoyed by the Village (*see Amabile v City of Buffalo*, 93 NY2d 471, 474 [1999]; *Merskey-Zeger v Village of Mamaroneck*, 181 AD2d 761, 762 [1992]).

Accordingly, the Supreme Court properly granted the Village's motion for summary judgment dismissing the complaint insofar as asserted against it. Rivera, J.P., Santucci, Lifson and Covello, JJ., concur.