■ Marianne C. Lopez et al., Appellants, v Town of Hempstead, Respondent, et al., Defendants. [854 NYS2d 750]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (O'Connell, J.), entered May 29, 2007, as granted that branch of the motion of the defendant Town of Hempstead which was for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the motion of the defendant Town of Hempstead which was for summary judgment dismissing the complaint insofar as asserted against it is denied.

That branch of the motion of the defendant Town of Hempstead which was for summary judgment dismissing the complaint insofar as asserted against it was not untimely (*see Kings Park Classroom Teachers Assn. v Kings Park Cent. School Dist.*, 63 NY2d 742 [1984]; *Ortega v Trefz*, 44 AD3d 916 [2007]; *Kresch v Saul*, 29 AD3d 863 [2006]). However, the Supreme

Court should have denied that branch of the Town's motion on the merits.

A municipality that has adopted a prior written notice law cannot be held liable for injuries sustained as a result of an alleged defect on its property, absent the requisite notice, unless an exception to the notice requirement applies (*see Delgado v County of Suffolk,* 40 AD3d 575 [2007]). Two exceptions have been recognized to prior written notice rules (*see Gorman v Town of Huntington,* 47 AD3d 30 [2007]). The first is when the municipality has created the dangerous or defective condition through affirmative acts of negligence (*see Amabile v City of Buffalo,* 93 NY2d 471 [1999]). The second exception is when a "special use" confers a benefit upon the municipality (*id.*).

Here, the Town established, prima facie, that it did not have prior written notice of any defective or dangerous condition in its parking lot. In opposition to the Town's motion, however, the plaintiffs raised triable issues of fact with respect to whether the Town affirmatively created a dangerous condition in its parking lot which caused the injured plaintiff to fall (*id.*). Accordingly, the Supreme Court should have denied that branch of the Town's motion which was for summary judgment dismissing the complaint insofar as asserted against it (*see generally Alvarez v Prospect Hosp.,* 68 NY2d 320 [1986]). Prudenti, P.J., Skelos, Lifson and Balkin, JJ., concur.