BEATRICE LEVY et al., Respondents, v TOWN OF HUNTINGTON, Appellant, and LONG ISLAND POWER AUTHORITY, Respondent. [864 NYS2d 81]—

In an action to recover damages for personal injuries, etc., the defendant Town of Huntington appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Doyle, J.), dated August 6, 2007, as denied its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff Beatrice Levy (hereinafter the plaintiff) com-

menced this action against the appellant Town of Huntington, among other entities, for injuries she allegedly sustained on September 13, 2003, when she tripped and fell in a sunken, depressed, and uneven area in front of a property in Dix Hills, in the Town.

The Town established its prima facie entitlement to judgment as a matter of law based upon the plaintiff's failure to comply with the prior written notice requirements of Town Law § 65-a. One of the exceptions, however, to the rule requiring prior written notice, discussed in *Amabile v City of Buffalo* (93 NY2d 471, 474 [1999]) is that the locality created the defect through an affirmative act (*see Corey v Town of Huntington,* 9 AD3d 345 [2004]). In this case, the evidence which the plaintiff submitted in opposition to the motion, including, inter alia, the affidavit of the plaintiff's engineering expert, raised a triable issue of fact (*see* CPLR 3212 [b]) as to whether the appellant created the defect through opening and subsequently repaving the roadway in question. Mastro, J.P., Spolzino, Ritter and Leventhal, JJ., concur. [*See* 2007 NY Slip Op 32623(U).]