■ Marie DiGregorio, Appellant, v Fleet Bank of New York, N.A., et al., Respondents, et al., Defendants. [875 NYS2d 204]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Nassau County (Woodard, J.), entered December 5, 2007, as granted that branch of the motion of the defendant Village of Westbury which was for summary judgment dismissing the complaint insofar as asserted against it, granted that branch of the cross motion of Fleet National Bank,

the successor by merger of the defendants Fleet Bank of New York, N.A., Fleet Bank, N.A., Bank of America, N.A., and Bank of America Corporation which was for summary judgment dismissing the complaint insofar as asserted against those defendants, and denied, as academic, that branch of her cross motion which was to strike the answer of the defendants Fleet Bank of New York, N.A., Fleet Bank, N.A., Bank of America, N.A., and Bank of America Corporation.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs payable to the respondents appearing separately and filing separate briefs.

The plaintiff allegedly tripped and fell over a defect in a sidewalk abutting the property of the defendants Fleet Bank of New York, N.A., Fleet Bank, N.A., Bank of America, N.A., and Bank of America Corporation (hereinafter collectively Fleet). There was a rectangular area in the sidewalk that consisted of red bricks, and the plaintiff alleged that she tripped and fell over one corner of the brick area that abutted the cemented portion of the sidewalk due to a height differential between the brick area and the cement area. The plaintiff commenced this action against, among others, Fleet and the Village of Westbury. The Village moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against it, contending that it did not have prior written notice of the alleged defect. Fleet National Bank, the successor by merger of Fleet, cross-moved for summary judgment dismissing the complaint insofar as asserted against Fleet, contending that as an abutting owner, Fleet could not be held liable for a defect in a public sidewalk. The plaintiff cross-moved, inter alia, to strike Fleet's answer for failing to comply with discovery demands. The Supreme Court granted the Village's motion and Fleet's cross motion for summary judgment, and denied the plaintiff's cross motion as academic. We affirm.

A municipality that has enacted a prior written notice law is excused from liability absent proof of prior written notice or an exception thereto (*see Poirier v City of Schenectady*, 85 NY2d 310, 313 [1995]; *Marshall v City of New York*, 52 AD3d 586 [2008]; *Gilmore v Village of Hempstead*, 47 AD3d 676 [2008]). The Court of Appeals has recognized two exceptions to this rule, "namely, where the locality created the defect or hazard through an affirmative act of negligence" and "where a 'special use' confers a special benefit upon the locality" (*Amabile v City of Buffalo*, 93 NY2d 471, 474 [1999]; *see Trinidad v City of Mount Vernon*, 51 AD3d 661 [2008]; *Delgado v County of Suffolk*, 40 AD3d 575 [2007]). The Village established its entitle-

ment to judgment as a matter of law by demonstrating, prima facie, that it did not have prior written notice of the defect (*see Poirier v City of Schenectady*, 85 NY2d at 313; *Trinidad v City of Mount Vernon*, 51 AD3d 661 [2008]; *Marshall v City of New York*, 52 AD3d 586 [2008]; *Gilmore v Village of Hempstead*, 47 AD3d 676 [2008]; *Delgado v County of Suffolk*, 40 AD3d 575 [2007]). In opposition, the plaintiff failed to raise a triable issue of fact. The vague, conclusory, and speculative affidavit of the plaintiff's expert did not raise a triable issue of fact as to whether the alleged defect was created by the Village's alleged negligent repair work of a nearby area (*see Hyland v City of New York*, 32 AD3d 822 [2006]; *Demant v Town of Oyster Bay*, 23 AD3d 333 [2005]).

In response to the demonstration of Fleet's prima facie entitlement to judgment as a matter of law, the plaintiff failed to submit evidence sufficient to raise a triable issue of fact. Generally, liability for injuries sustained as a result of dangerous and defective conditions on public sidewalks is placed on the municipality and not the abutting occupant (*see Hausser v Giunta*, 88 NY2d 449, 452-453 [1996]; *Bruno v City of New York*, 36 AD3d 640 [2007]). Exceptions apply where a pedestrian is injured by a defect in a sidewalk and the occupant negligently constructed or repaired the sidewalk, otherwise caused the defective condition, caused the defect to occur by some special use of the sidewalk, or breached a specific ordinance or statute which obligated the occupant to maintain the sidewalk (*see Hausser v Giunta*, 88 NY2d at 452-453; *Biondi v County of Nassau*, 49 AD3d 580 [2008]; *Jacobs v Village of Rockville Ctr.*, 41 AD3d 539 [2007]). The plaintiff's expert affidavit was conclusory and insufficient to raise a triable issue of fact as to whether Fleet created the alleged defect (*see Mallory v City of New Rochelle*, 41 AD3d 556 [2007]; *Hyland v City of New York*, 32 AD3d 822 [2006]).

The Supreme Court properly denied the plaintiff's cross motion as academic. Fisher, J.P., Covello, Angiolillo and Dickerson, JJ., concur.