■ SUSAN SESCILA, Appellant, v GREAT SOUTH BAY ESTATES HOMEOWNER's ASSOCIATION, INC., Respondent. [892 NYS2d 474]—

As the plaintiff approached the marina, she slipped on a large patch of ice that had accumulated on the sidewalk, fell, and allegedly sustained injuries. Immediately after the accident, she saw that a sprinkler located on the grounds of the marina was operating.

Subsequently, the plaintiff commenced the instant action, alleging, inter alia, that the defendant negligently created the icy condition upon which she slipped and fell. In the order appealed from, the Supreme Court granted the defendant's motion for summary judgment dismissing the complaint. We reverse.

On its motion, the defendant, whose "dock master" submitted an affidavit in which he maintained, inter alia, that he turned the marina's sprinkler system off for the winter several weeks before the accident, demonstrated its prima facie entitlement to judgment as a matter of law (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]) by establishing, inter alia, that it did not create the icy condition upon which the plaintiff slipped and fell (*cf. Weising v Fairfield Props.*, 6 AD3d 427, 428 [2004]). However, in opposition, the plaintiff submitted evidence

raising a triable issue of fact, including the affidavit of a person who had visited the area of the accident four days after the date of the accident. The affiant recounted that, at that time, sprinklers at the marina were operating and, moreover, "thrusting water onto the sidewalks . . . at and around the [m]arina." Certain photographs taken by the affiant corroborated that assertion. This was sufficient to raise a triable issue of fact as to whether the defendant created the icy condition on which the plaintiff slipped (*cf. Roark v Hunting*, 24 NY2d 470, 475 [1969]; *Griffin v 19-20 Indus. City Assoc., LLC*, 37 AD3d 412, 412-413 [2007]). Accordingly, the Supreme Court should have denied the defendant's motion for summary judgment dismissing the complaint. Covello, J.P., Angiolillo, Lott and Roman, JJ., concur.