█ DALE DENIO, Respondent, v CITY OF NEW ROCHELLE, Appellant. [895 NYS2d 727]—

In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Westchester County (Liebowitz, J.), entered January 5, 2009, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is granted.

On February 23, 2007 the plaintiff allegedly slipped and fell on ice in the New Rochelle Municipal Marina parking lot. The plaintiff commenced this action against the City of New Rochelle alleging, inter alia, that the City created a dangerous condition.

It is undisputed that the City did not receive prior written notice of the dangerous condition that allegedly caused the plaintiff's accident, as required by the relevant local law (see City Charter of City of New Rochelle, art XII, § 127A). The City thus established its prima facie entitlement to judgment as a matter of law, and the burden shifted to the plaintiff to demonstrate a factual issue as to the existence of an exception to the notice requirement (see Babenzien v Town of Fenton, 67 AD3d 1236 [2009]). "The Court of Appeals has recognized two exceptions to this rule, 'namely, where the locality created the defect or hazard through an affirmative act of negligence' and 'where a "special use" confers a special benefit upon the locality' " (DiGregorio v Fleet Bank of N.Y., NA, 60 AD3d 722, 723 [2009], quoting Amabile v City of Buffalo, 93 NY2d 471, 474 [1999]; see Babenzien v Town of Fenton, 67 AD3d at 1236; Trinidad v City of Mount Vernon, 51 AD3d 661 [2008]; Delgado v County of Suffolk, 40 AD3d 575 [2007]).

Contrary to the Supreme Court's determination, in opposition, the plaintiff failed to raise a triable issue of fact (see Zuckerman v City of New York, 49 NY2d 557, 562 [1980]). Here, the plaintiff failed to demonstrate that the City's alleged negligence "immediately result[ed] in the existence of a dangerous condition" (Yarborough v City of New York, 10 NY3d 726, 728 [2008]; see Oboler v City of New York, 8 NY3d 888, 889 [2007]; San Marco v Village/Town of Mount Kisco, 57 AD3d 874, 876 [2008]). Nor did the plaintiff demonstrate that the City derived a special benefit unrelated to the public use or different from that conferred on the public at large (see Vrabel v City of New York, 308 AD2d 443, 444 [2003]).

Accordingly, the Supreme Court should have granted the City's motion for summary judgment dismissing the complaint. Fisher, J.P., Florio, Belen and Hall, JJ., concur.