■ Susan Danis, Respondent, v Incorporated Village of Atlantic Beach, Appellant. [903 NYS2d 251]—

In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Nassau County (Feinman, J.), entered March 24, 2010, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

"A municipality that has adopted a prior written notice law cannot be held liable for injuries sustained as a result of an alleged defect on its property, absent the requisite notice, unless an exception to the notice requirement applies" (*Lopez v Town of Hempstead*, 50 AD3d 645, 646 [2008]; *see Delgado v County of Suffolk*, 40 AD3d 575 [2007]). Two exceptions have been recognized to prior written notice rules (*see Lopez v Town of Hempstead*, 50 AD3d 645 [2008]). The first is when the municipality has created the dangerous or defective condition through an affirmative act of negligence (*see Amabile v City of Buffalo*, 93 NY2d 471 [1999]). The second exception is when a "special use" confers a benefit upon the municipality (*id.* at 474).

Here, the defendant established, prima facie, that it did not have prior written notice of the defective or dangerous condition on the boardwalk that allegedly caused the plaintiff's accident. In opposition to the defendant's motion for summary judgment, however, the plaintiff raised a triable issue of fact with respect to whether the defendant affirmatively created the dangerous condition on the boardwalk that caused her accident. Accordingly, the Supreme Court properly denied the defendant's motion for summary judgment dismissing the complaint (*see generally Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). Dillon, J.P., Miller, Eng and Chambers, JJ., concur.