■ Shandi Weed, Appellant, v County of Orange, Respondent, et al., Defendants. [920 NYS2d 100]—

The appeal from the intermediate order dated August 14, 2009, must be dismissed, as the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order dated August 14, 2009, are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

The Supreme Court, upon reargument, incorrectly, in effect, vacated so much of a prior order as denied the motion of the defendant County of Orange for summary judgment dismissing the complaint insofar as asserted against it and thereupon

granted that motion. The County established its prima facie entitlement to judgment as a matter of law, as it is undisputed that it never received prior written notice of an alleged defect or hazardous condition on County Route 12, the road on which the subject accident occurred, as required by Local Law No. 3 (1978) of Orange County (*see Ferreira v County of Orange*, 34 AD3d 724, 725 [2006]). However, in opposition, the plaintiff raised a triable issue of fact as to whether the County affirmatively created the condition through an act of its negligence, and whether the County's negligence at the time the road was repaired immediately resulted in the existence of the hazardous condition (*see Yarborough v City of New York*, 10 NY3d 726, 728 [2008]; *Oboler v City of New York*, 8 NY3d 888, 889 [2007]; *Amabile v City of Buffalo*, 93 NY2d 471, 474 [1999]; *Danis v Incorporated Vil. of Atl. Beach*, 74 AD3d 1273, 1274 [2010]; cf. *Denio v City of New Rochelle*, 71 AD3d 717, 718 [2010]). An employee of the contractor which repaired the road several years before the accident testified at a deposition that the County was responsible for determining how the road should be graded or banked. An engineer retained by the plaintiff submitted an affidavit, inter alia, specifically alleging that the road was improperly banked at the rate of one-half inch per foot, which resulted in the road being improperly graded, and that the road lacked a "dip" or a "sag." As a result, the road was susceptible to having water run from the driveways of abutting landowners, which would freeze in cold weather. These allegations were sufficient for a trier of fact to determine whether the County created the hazardous condition of the road (*see Levy v Town of Huntington*, 54 AD3d 732, 733 [2008]; cf. *Oboler v City of New York*, 8 NY3d at 890; *DiGregorio v Fleet Bank of N.Y., NA*, 60 AD3d 722, 723-724 [2009]; *Delgado v County of Suffolk*, 40 AD3d 575, 576 [2007]).

At a hearing pursuant to General Municipal Law § 50-h, the plaintiff testified that she "kind of had a hint that I hit ice in the way because of the way it felt." That testimony, in conjunction with the deposition testimony of two disinterested witnesses that there was ice on the road in the area where the accident occurred, was sufficient to establish that the plaintiff knew what caused her accident (*see Bonvino v Long Is. Coll. Hosp.*, 21 Misc 3d 1110[A], 2008 NY Slip Op 52034[U] [2008]; cf. *Manning v 6638 18th Ave. Realty Corp.*, 28 AD3d 434, 435 [2006]).

The notice of claim served by the plaintiff on the County sufficiently indicated the place, time, and nature of the accident, and enabled the County to timely and effectively investigate the claim (*see generally Rosenbaum v City of New York*, 8 NY3d 1,

10-11 [2006]; *Atwater v County of Suffolk*, 50 AD3d 713, 714 [2008]; *Kim L. v Port Jervis City School Dist.*, 40 AD3d 1042, 1044 [2007]; *Canelos v City of New York*, 37 AD3d 637, 638 [2007]; *cf. Calix v New York City Tr. Auth.*, 14 AD3d 583, 584 [2005]; *Kane v Triborough Bridge & Tunnel Auth.*, 8 AD3d 239, 240 [2004]).

In light of our determination, the issues raised on the appeal from the order dated March 5, 2010, have been rendered academic.

The parties' remaining contentions are without merit. Dillon, J.P., Angiolillo, Florio and Dickerson, JJ., concur.