In two related actions, inter alia, to recover damages for personal injuries, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Westchester County (Liebowitz, J.), entered December 23, 2011, as granted the motion of Leo Gormley and Y. Michiko Gormley, defendants in action No. 2, for summary judgment dismissing the complaint in that action insofar as asserted against them and granted that branch of the motion of Cem Tuncoglu and Angyal I. Tuncoglu, the defendants in action No. 1, which was for summary judgment dismissing the complaint in that action insofar as asserted against them by the plaintiffs Victoria G. Serino and Vincent Serino on the ground that the plaintiff Victoria G. Serino did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident, and the Town of Somers, a defendant in action No. 2, cross-appeals from so much of the same order as denied its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it in that action.
Ordered that the order is modified, on the law, by deleting the provision thereof granting the motion of Leo Gormley and Y. Michiko Gormley for summary judgment dismissing the complaint insofar as asserted against them in action No. 2, and substituting therefor a provision denying the motion; as so modified, the order is affirmed insofar as appealed and cross-appealed from, with one bill of costs payable by the plaintiffs Victoria G. Serino and Vincent Serino to the defendants Cem Tuncoglu and Angyal I. Tuncoglu.
On the morning of January 3, 2007, Angyal I. Tuncoglu was driving a car owned by her husband, Cem Tungoglu (hereinafter together the Tuncoglu defendants), along Lakeview Drive in the Town of Somers, when her car struck a school bus being driven by Joseph R. Cebron. Cebron and Victoria G. Serino, a monitor on the bus, were both allegedly injured as a result of the accident. Following the accident, Cebron, together with Victoria G. Serino and her husband, Vincent Serino (hereinafter collectively the plaintiffs), commenced action No. 1 against the Tuncoglu defendants. The plaintiffs subsequently commenced action No. 2 against the Town of Somers and Leo Gormley and *632 Y. Michiko Gormley (hereinafter together the Gormley defendants). The plaintiffs allege that Angyal I. Tuncoglu lost control of her car due to an ice condition in the vicinity of a residential property owned by the Gormley defendants. The plaintiffs further allege that the ice condition was caused as a result of the natural flow of surface water artificially diverted by the Gormley defendants from their property, as well as negligent design, construction, and/or maintenance by the Town of the subject roadway and its drainage system.
A private landowner may be liable for injuries sustained in a car accident that is proximately caused by an ice condition occurring on an abutting public roadway, where that ice condition was caused and created by the artificial diversion of naturally flowing water from the private landowner’s property onto the public roadway (see Roark v Hunting, 24 NY2d 470, 475 [1969]; Griffin v 19-20 Indus. City Assoc., LLC, 37 AD3d 412, 413 [2007]; MacDonald v Howard, 91 AD2d 1119, 1120 [1983]). In opposition to the Gormley defendants’ prima facie showing of entitlement to judgment as a matter of law dismissing the complaint in action No. 2 insofar as asserted against them, the plaintiffs raised a triable issue of fact as to whether the artificially diverted water from the Gormley defendants’ property contributed to the ice condition on the subject roadway that caused Angyal I. Tuncoglu to lose control of her car and collide with the school bus (see Sescila v Great S. Bay Estates Homeowner's Assn., Inc., 69 AD3d 604, 605 [2010]; Patterson v New York City Tr. Auth., 5 AD3d 454, 455-456 [2004]). Accordingly, the Supreme Court should have denied the Gormley defendants’ motion for summary judgment dismissing the complaint in action No. 2 insofar as asserted against them.
The Tuncoglu defendants met their prima facie burden of showing that Victoria G. Serino did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345 [2002]; Gaddy v Eyler, 79 NY2d 955, 956-957 [1992]). Victoria G. Serino alleged, inter alia, that the lumbar region of her spine sustained certain injuries as a result of the subject accident. The Tuncoglu defendants provided competent medical evidence establishing, prima facie, that those alleged injuries did not constitute a serious injury within the meaning of Insurance Law § 5102 (d) (see Rodriguez v Huerfano, 46 AD3d 794, 795 [2007]). The Tuncoglu defendants also provided evidence establishing, prima facie, that Victoria G. Serino, who testified at a deposition that the accident caused her to lose only about one week of work, did not sustain a serious injury under the 90/ *633 180-day category of Insurance Law § 5102 (d) (see McIntosh v O’Brien, 69 AD3d 585, 587 [2010]).
In opposition to the Tuncoglu defendants’ motion, Victoria G. Serino and Vincent Serino (hereinafter together the Serino plaintiffs) failed to raise a triable issue of fact. The medical records submitted by the Serino plaintiffs in opposition to the Tuncoglu defendants’ motion were not sworn, and were not relied upon by the Tuncoglu defendants’ examining physicians, and, therefore, cannot be considered (see Grasso v Angerami, 79 NY2d 813, 814-815 [1991]; Zelman v Mauro, 81 AD3d 936, 937 [2011]; Kearse v New York City Tr. Auth., 16 AD3d 45, 47 n 1 [2005]). The approximate 10% limitation in the range of motion of the lumbar region of Victoria G. Serino’s spine noted by her treating physician, Dr. Michael Banks, on his most recent examination of her on May 9, 2011, was insignificant within the meaning of the no-fault statute (see McLoud v Reyes, 82 AD3d 848, 849 [2011]). Additionally, the Serino plaintiffs failed to raise a triable issue of fact as to whether the injuries Victoria G. Serino allegedly sustained as a result of the subject accident rendered her unable to perform substantially all of her daily activities for not less than 90 days of the first 180 days thereafter (see Il Chung Lim v Chrabaszcz, 95 AD3d 950, 951 [2012]).
The Supreme Court correctly denied the Town’s motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it in action No. 2. The Town established its prima facie entitlement to judgment as a matter of law, as it is undisputed that it never received prior written notice of an alleged defect or hazardous condition on Lakeview Road, the road on which the subject accident occurred, as required by chapter 132 of the Town of Somers’ General Code (see Ferreira v County of Orange, 34 AD3d 724, 725 [2006]). However, in opposition, the plaintiffs raised a triable issue of fact as to whether the Town affirmatively created the condition through an act of its own negligence, and whether the Town’s negligence at the time the road was repaired immediately resulted in the existence of the hazardous condition (see Yarborough v City of New York, 10 NY3d 726, 728 [2008]; Oboler v City of New York, 8 NY3d 888, 889 [2007]; Amabile v City of Buffalo, 93 NY2d 471, 474 [1999]; Danis v Incorporated Vil. of Atl. Beach, 74 AD3d 1273, 1274 [2010]; cf. Denio v City of New Rochelle, 71 AD3d 717, 718 [2010]). Employees of the Town testified at their depositions that a contractor hired by the Town conducted a water main installation project in 2001 in the subject road, and, at the Town’s direction, restored the road upon completion of the project. Experts retained by the *634 plaintiffs, in the areas of public works, environmental engineering, and hydrology, submitted affidavits, inter alia, specifically asserting that they found the road had inadequate crowning that did not have the 2% pitch recommended by the New York State Department of Transportation. As a result, water run-off from the properties of abutting landowners into the roadway was susceptible to freezing in cold weather. These allegations were sufficient for a trier of fact to determine whether the Town created the hazardous condition of the road (see Weed v County of Orange, 82 AD3d 967, 969 [2011]; Levy v Town of Huntington, 54 AD3d 732, 733 [2008]).
The Town’s remaining contentions are either without merit or not properly before this Court. Dillon, J.P., Angiolillo, Dickerson and Cohen, JJ., concur.