In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her notice of appeal and brief, from so much of an order of the Supreme Court, Nassau County (Winslow, J.), entered February 24, 2012, as granted those branches of the separate motions of the defendants Village of Great Neck Plaza and County of Nassau which were for summary judgment dismissing the complaint insofar as asserted against them.
Ordered that the order is affirmed insofar as appealed from, with one bill of costs.
The plaintiff allegedly tripped and fell on a median located on Great Neck Road in the Village of Great Neck Plaza as a result of a height differential between a concrete patch and the deteriorating asphalt surrounding the patch. Thereafter, the plaintiff commenced this action against the Village, the County of Nassau, and the Town of North Hempstead, alleging, among other things, that they affirmatively created the defective condition. In the order appealed from, the Supreme Court, inter alia, granted those branches of the separate motions of the Village *662 and the County which were for summary judgment dismissing the complaint insofar as asserted against them.
“A municipality that has adopted a ‘prior written notice law’ cannot be held liable for a defect within the scope of the law absent the requisite written notice, unless an exception to the requirement applies” (Forbes v City of New York, 85 AD3d 1106, 1107 [2011]; see Poirier v City of Schenectady, 85 NY2d 310 [1995]). “The only two recognized exceptions to the prior written notice requirement are where the municipality created the defect through an affirmative act of negligence, or where the defect resulted from a special use of the property by the municipality which conferred a special benefit on it” (Levy v City of New York, 94 AD3d 1060, 1060 [2012]; see Amabile v City of Buffalo, 93 NY2d 471, 474 [1999]; Hanover Ins. Co. v Town of Pawling, 94 AD3d 1055, 1056 [2012]). Moreover, “the affirmative negligence exception ‘is limited to work by the [municipality] that immediately results in the existence of a dangerous condition’ ” (Yarborough v City of New York, 10 NY3d 726, 728 [2008], quoting Oboler v City of New York, 8 NY3d 888, 889 [2007]).
Here, the Village and the County established their respective prima facie entitlement to judgment as a matter of law, since it is undisputed that they did not receive prior written notice of the alleged defect as required by the applicable prior written notice statutes (see Village Law § 6-628; CPLR 9804; Nassau County Administrative Code § 12-4.0 [e]; Cebron v Tuncoglu, 109 AD3d 631 [2013]; Denio v City of New Rochelle, 71 AD3d 717, 718 [2010]). In opposition, the plaintiff failed to raise a triable issue of fact as to whether the Village or the County created the alleged defect through an affirmative act of negligence (see Oboler v City of New York, 8 NY3d at 889; Wiley v Incorporated Vil. of Garden City, 91 AD3d 764, 766 [2012]; Hirasawa v City of Long Beach, 57 AD3d 846, 847-848 [2008]; Hyland v City of New York, 32 AD3d 822, 823 [2006]), and the plaintiff did not address the special use exception to the prior written notice law.
Accordingly, the Supreme Court properly granted those branches of the separate motions of the Village and the County which were for summary judgment dismissing the complaint insofar as asserted against them.
In light of our determination, we need not reach the County’s alternative arguments in support of affirmance.
Skelos, J.E, Chambers, Hall and Miller, JJ., concur.