Green v Price Chopper, Inc. (2018 NY Slip Op 05578)





Green v Price Chopper, Inc.


2018 NY Slip Op 05578


Decided on August 1, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 1, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
JOHN M. LEVENTHAL
SYLVIA O. HINDS-RADIX
LINDA CHRISTOPHER, JJ.


2017-04411
 (Index No. 3542/14)

[*1]Mary Ann Green, appellant, 
v
Price Chopper, Inc., et al., respondents.


Sobo & Sobo, LLP, Middletown, NY (Raymond J. Iaia and Mark Cambareri of counsel), for appellant.
Steinberg, Symer & Platt, LLP, Poughkeepsie, NY (Robert R. Haskins of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Dutchess County (Peter M. Forman, J.), dated February 16, 2017. The order granted the defendants' motion for summary judgment dismissing the amended complaint.
ORDERED that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the amended complaint is denied.
The plaintiff allegedly was injured when she fell inside the defendants' supermarket in Poughkeepsie. The plaintiff commenced this action against the defendants. The plaintiff gave deposition testimony to the effect that she tripped and fell over a raised portion of a rubber mat near the entrance of the supermarket. The plaintiff's husband testified at his deposition that the raised portion of the mat was "two fat fingers high." The defendants' store manager testified at his deposition that the bump in the mat was about half an inch high.
The defendants moved for summary judgment dismissing the amended complaint, contending that the condition of the mat was trivial and not actionable. The Supreme Court granted the defendants' motion, determining that the plaintiff did not know what had caused her to fall and that, in any event, the condition that allegedly caused the plaintiff to fall was trivial and not actionable. The plaintiff appeals.
In determining a motion for summary judgment, a court is generally limited to the issues or defenses that are the subject of the motion (see Rosenblatt v St. George Health & Racquetball Assoc., LLC, 119 AD3d 45, 52). Here, the Supreme Court should not have granted the motion on the ground that the plaintiff did not know what caused her to fall, since the issue was not raised by the defendants in their motion papers. In any event, the defendants failed to establish, prima facie, that the plaintiff did not know what caused her to fall (see Flanagan v Town of Huntington, 155 AD3d 1000, 1001; Lamour v Decimus, 118 AD3d 851, 852; Weed v County of Orange, 82 AD3d 967, 969).
Generally, the issue of whether a dangerous or defective condition exists on the property of another depends on the facts of each case and is a question of fact for the jury (see [*2]Trincere v County of Suffolk, 90 NY2d 976, 977; Santacruz v Taco Bell of Am., LLC, 128 AD3d 793). However, a property owner may not be held liable for trivial defects not constituting a trap or nuisance over which a pedestrian might merely stumble, stub his or her toes, or trip (see Trincere v County of Suffolk, 90 NY2d at 977). In determining whether a defect is trivial as a matter of law, the court must examine all of the facts presented, "including the width, depth, elevation, irregularity and appearance of the defect along with the time, place and circumstance of the injury" (id. at 978 [internal quotation marks omitted]; see Hutchinson v Sheridan Hill House Corp., 26 NY3d 66, 77).
"A defendant seeking dismissal of a complaint on the basis that the alleged defect is trivial must make a prima facie showing that the defect is, under the circumstances, physically insignificant and that the characteristics of the defect or the surrounding circumstances do not increase the risks it poses. Only then does the burden shift to the plaintiff to establish an issue of fact" (Hutchinson v Sheridan Hill House Corp., 26 NY3d at 79). Here, the evidence submitted by the defendants, including a surveillance footage of the incident, was insufficient to demonstrate, prima facie, that the condition of the mat was trivial as a matter of law and therefore not actionable (see Boxer v Metropollitan Transp. Auth., 52 AD3d 447, 448; Portanova v Kantlis, 39 AD3d 731, 732).
Accordingly, the Supreme Court should have denied the defendants' motion for summary judgment dismissing the amended complaint, without considering the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
BALKIN, J.P., LEVENTHAL, HINDS-RADIX and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court