Malik v Style Mgt. Co. Inc. (2019 NY Slip Op 00372)





Malik v Style Mgt. Co. Inc.


2019 NY Slip Op 00372


Decided on January 22, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 22, 2019

Renwick, J.P., Manzanet-Daniels, Tom, Mazzarelli, Webber, JJ.


8029 152317/14

[*1]Karam Malik, et al., Plaintiffs-Appellants,
v
Style Management Co. Inc., et al., Defendants, 514 West 44th Street, Inc., Defendant-Respondent.


Giordano Law Offices, PLLC, New York (Jack Giordano of counsel), for appellants.
Law Offices of James J. Toomey, New York (Evy L. Kazansky of counsel), for respondent.



Order, Supreme Court, New York County (Kathryn E. Freed, J.), entered July 11, 2017, which, to the extent appealed from as limited by the briefs, in this action for personal injuries sustained when plaintiff slipped and fell on ice, granted the motion of defendant 514 West 44th Street, Inc. (514 West) for summary judgment dismissing the complaint and all cross claims as against it, reversed, on the law, without costs, the motion denied.
514 West, which owns the building adjacent to the roadway in which plaintiff slipped and fell on ice, failed to make a prima facie showing of its entitlement to summary judgment, since the evidence it submitted raises genuine issues of fact about whether it created the dangerous condition (see Pe a v Tyrax Realty Mgt., Inc., 150 AD3d 440, 440 [1st Dept 2017]). For example, its principal, who is also the principal of codefendant Style Management Co., Inc. (Style), the taxi company housed at the building owned by 514 West, admitted that there is a hose attached to the building, which the independent contractors who work for the taxi company would use to wash the cars. It is water from this hose, which pooled in the street and then froze, that plaintiff allegedly slipped on. "It is . . . a general rule that an abutting owner is liable if, by artificial means . . . water from the property is permitted to flow onto the public sidewalk where it freezes" (Roark v Hunting, 24 NY2d 470, 475 [1969]). 514 West asserts that Style operated the hose, not it, thus absolving it of liability. However, 514 West fails to establish that it is an out-of-possession landlord; indeed, given the very close connection between 514 West and Style, which, again, have the same principal, it is not possible on this record to determine, as a matter of law, that the former is without liability as a landowner.
All concur except Tom, J. who dissents in a memorandum as follows:




TOM, J. (dissenting)


Plaintiff commenced this action to recover for injuries he sustained when he slipped and fell on a patch of ice on the roadway between 514 and 518 West 44th Street. I would find that Supreme Court properly granted the motion for summary judgment dismissing the complaint as against defendant 514 West 44th Street, Inc (514). 514 established that the accident did not occur on its property, that it did not create the condition, and that it did not employ or direct the person who created the icy condition by using its hose to wash taxis owned by defendant Style Management Co. Inc, and plaintiff failed to raise a triable issue of fact (see Smith v Costco Wholesale Corp., 50 AD3d 499 [1st Dept 2008]). Accordingly, I dissent.
The accident occurred on the roadway between 514 West 44th Street, owned by defendant 514, and 518 West 44th Street, owned by codefendant AR Real Estate Management, Inc. At the time of the accident, plaintiff was a taxi driver and worked as an independent contractor for [*2]codefendant Style Management Co. Inc., which operated a taxi business located at 514 West 44th Street. Codefendant I Rosenberg Auto Repairs, Inc. maintained and repaired the taxicabs, which were leased out to drivers by codefendant Style Management. Nonparty Andrew Rosenberg owned defendant and all codefendants on the day of the accident.
On the day of the accident, before he slipped and fell, plaintiff observed two taxis being washed in front of the premises. He saw ice on the roadway after he fell.
Andrew Rosenberg testified that each of the defendants is its own entity and maintained a separate identification. 514 did not have a bank account or any employees. Taxis leased by Style Management are washed near 514/518 West 44th Street. The hose used to wash taxis is connected to a faucet affixed within 514.
Steven Rosenberg, Style Management's manager, testified that he and other managers would tell employees to spread salt when icy conditions made it necessary. Byron Omar Murillo testified that he was a general assistant for Style Management, and his responsibilities included washing and/or parking taxis. All the workers, including Murillo, were required to spread salt and sand when necessary due to icy conditions. Murillo was working on the day of plaintiff's accident, and saw plaintiff after he fell. He did not recall leaving a hose running after he washed a taxi that morning or whether he spread salt on the roadway either before or after plaintiff's accident.
Style Management provided Murillo with the equipment and hose needed to wash taxis, all of which was stored at the garage located at 514 West 44th Street. Murillo had never heard of defendant 514.
After viewing surveillance footage from the morning of the accident, Murillo testified that it appeared to show him washing taxis in front of 514-18 West 44th Street; he acknowledged that he sometimes forgot to turn off the hose while he moved a taxi after washing it.
514 met its prima facie burden by demonstrating that it did not cause, create or have actual or constructive notice of the complained of defect (see Kogan v North St. Community, LLC, 81 AD3d 429, 430 [1st Dept 2011]). The evidence demonstrated that there were issues of fact as to whether Style Management's employee negligently left the water running thereby creating an icy condition. However, 514 did not employ, control or direct the employees of Style Management.
Further, 514 showed that the accident did not occur on its property, and that while all the defendants are owned and controlled by Andrew Rosenberg, they are separate corporate entities with separate books and records and are organized differently for distinct purposes. There was no factual or legal basis to pierce the separate identities of the defendants (see East Hampton Union Free School Dist. v Sandpebble Bldrs., Inc., 16 NY3d 775, 776 [2011]).
Plaintiff failed to raise a triable issue of fact as to whether 514 created the condition or had actual or constructive notice of the condition. The mere fact that 514 allowed Style Management to use its hose and water source, without more, does not establish its liability for plaintiff's alleged injuries. There is nothing in the record to show that 514 had actual or constructive notice that Style Management's employee was using its hose to discharge water onto the unsalted roadway before the accident while the temperature was below freezing (see Smith v Costco Wholesale Corp., 50 AD3d at 500).
The majority misplaces reliance on Roark v Hunting (24 NY2d 470 [1969]) to hold that because it was water from the hose connected to 514 West 44th Street, that 514, as the landowner, may be liable for letting water from its property flow onto the street where it froze. In order for such liability to attach, it is necessary for the property to have a negligent design so as to conduct water onto a public street (see Patterson v New York City Tr. Auth., 5 AD3d 454 [2d Dept 2004]), or for the owner to have actual or constructive notice of a defect causing a water discharge and icy condition on public property (see Griffin v 19-20 Indus. City Assoc., LLC, 37 AD3d 412, 412-413 [2d Dept 2007]). Here, there are no issues of fact as to whether the alleged condition was caused by the negligence of 514 or whether 514 had actual or constructive notice of a defect which caused the condition. Nor is there evidence that the hose was negligently installed or maintained.
Further, the icy condition which caused plaintiff's fall in the present case was created by [*3]employees of a separate entity, and on the roadway, not on 514's property, clear distinctions.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 22, 2019
CLERK