Schiller v Town of Ramapo (2022 NY Slip Op 01062)





Schiller v Town of Ramapo


2022 NY Slip Op 01062


Decided on February 16, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 16, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ANGELA G. IANNACCI
ROBERT J. MILLER
LINDA CHRISTOPHER, JJ.


2019-09385
 (Index No. 32927/16)

[*1]Julia Schiller, respondent,
v
Town of Ramapo, et al., appellants.


Itamar Yeger, Town Attorney, Suffern, NY (Dennis E. Lynch of counsel), for appellant Town of Ramapo.
Kornfeld, Rew, Newman & Simone, Suffern, NY (William S. Badura of counsel), for appellant O'Sullivan Tree Care, Inc.
The Berkman Law Office, LLC, Brooklyn, NY (Robert J. Tolchin and David Tolchin of counsel), for respondent.



DECISION & ORDER
In a consolidated action to recover damages for personal injuries, the defendant Town of Ramapo appeals, and the defendant O'Sullivan Tree Care, Inc., separately appeals, from an order of the Supreme Court, Rockland County (Kathie E. Davidson, J.), dated June 18, 2019. The order, insofar as appealed from, denied the separate motions of those defendants for summary judgment dismissing the complaint insofar as asserted against each of them.
ORDERED that the order is affirmed, with one bill of costs.
In July 2016, the plaintiff commenced an action against the defendant Town of Ramapo to recover damages for injuries she alleged she sustained after she stepped in a hole in a pathway maintained by the Town. According to the plaintiff, in April 2015, the Town hired the defendant O'Sullivan Tree Care, Inc. (hereinafter Tree Care), to repair the surface of the pathway at issue and Tree Care negligently performed those repairs. In September 2017, the plaintiff commenced a separate action against Tree Care. Thereafter, the two actions were consolidated. The defendants separately moved for summary judgment dismissing the complaint insofar as asserted against each of them. In an order dated June 18, 2019, the Supreme Court denied both motions, and the defendants separately appeal.
Prior written notice of a defective condition is a condition precedent to maintaining an action against a municipality where, as here, there is a local law requiring such notice (see Code of the Town of Ramapo § 243-12; O'Brien v Village of Babylon, 196 AD3d 494, 496). "The only recognized exceptions to the prior written notice requirement involve situations in which either the municipality created the defect through an affirmative act of negligence, or a special use confers a special benefit upon the municipality. The affirmative negligence exception is limited to work by the municipality that immediately results in the existence of a dangerous condition" (O'Brien v [*2]Village of Babylon, 196 AD3d at 496).
Although the Town established its prima facie entitlement to judgment as a matter of law by showing that it did not receive prior written notice of a defective condition on the pathway (see Cebron v Tuncoglu, 109 AD3d 631, 633; Weed v County of Orange, 82 AD3d 967, 969), in opposition, the plaintiff raised a triable issue of fact as to whether the Town affirmatively created the defective condition on the pathway. The plaintiff alleged, inter alia, that the Town instructed Tree Care to repair the pathway in a dangerous manner and the plaintiff's expert opined in an affidavit submitted by the plaintiff in opposition to the motions for summary judgment that the Town's negligent instructions immediately resulted in the existence of a hazardous condition (see Cebron v Tuncoglu, 109 AD3d at 632; Weed v County of Orange, 82 AD3d at 969). Specifically, the plaintiff's expert concluded that the manner in which the repaired pathway was designed and installed rendered the pathway susceptible to the formation of cracks and holes, which resulted in the formation of the hole that caused the plaintiff's fall.
Contrary to the Town's contention, the affidavit of the plaintiff's expert was not inadequate (see Johnson v City of New York, 102 AD3d 746, 749; Pereira v Quogue Field Club of Quogue, Long Is., 71 AD3d 1104, 1105-1106).
The Supreme Court also properly denied the motion of Tree Care for summary judgment dismissing the complaint insofar as asserted against it. Although a "'contractual obligation, standing alone, will generally not give rise to tort liability in favor of a third party'" (Arnone v Morton's of Chicago/Great Neck, LLC, 183 AD3d 862, 862, quoting Espinal v Melville Snow Contrs., 98 NY2d 136, 138), "[a] contractor may be said to have assumed a duty of care and, thus, be potentially liable in tort, to third persons when the contracting party, in failing to exercise reasonable care in the performance of its duties, launches a force or instrument of harm" (Bruce v Edgewater Indus. Park, LLC, 169 AD3d 753, 754, citing Espinal v Melville Snow Contrs., 98 NY2d at 140). Here, the plaintiff raised triable issues of fact as to whether Tree Care's repair of the pathway negligently launched a force or instrument of harm, as the plaintiff's expert concluded that Tree Care used an improper material for the final surface of the pathway, which rendered the pathway immediately unstable and dangerous (see Guzman v Jamaica Hosp. Med. Ctr., 190 AD3d 705, 706; Calderon v Cruzate, 175 AD3d 644, 647).
The defendants' remaining contentions are without merit.
DUFFY, J.P., IANNACCI, MILLER and CHRISTOPHER, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court