■ DAISY DELGADO, Appellant, v COUNTY OF SUFFOLK et al., Respondents. [835 NYS2d 379]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Werner, J.), dated September 6, 2005, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff alleged that she was injured when she tripped and fell on a defective walkway on the Ammerman Campus of Suffolk Community College. The defendants established their prima facie entitlement to judgment as a matter of law by demonstrating that they did not have prior written notice of the allegedly dangerous condition that purportedly caused the plaintiff's fall, as required by the Suffolk County Charter (*see* Suffolk County Charter § C8-2A; *Ferreira v County of Orange*, 34 AD3d 724 [2006]; *Mazzola v City of New York*, 32 AD3d 906 [2006]; *Quiroz v Incorporated Vil. of Cedarhurst*, 31 AD3d 624 [2006]). A municipality that has adopted a prior written notice law cannot be held liable for a defect within the meaning of the law absent the requisite written notice, unless an exception to the requirement applies (*see Poirier v City of Schenectady*, 85 NY2d 310 [1995]; *Akcelik v Town of Islip*, 38 AD3d 483 [2007]; *Wilkie v Town of Huntington*, 29 AD3d 898 [2006]; *Katsoudas v City of New York*, 29 AD3d 740, 741 [2006]). The only two exceptions recognized by the Court of Appeals are the municipality's affirmative creation of the defect and its special use of the property (*see Amabile v City of Buffalo*, 93 NY2d 471, 473 [1999];

*Perrington v City of Mount Vernon*, 37 AD3d 571 [2007]; *Filaski-Fitzgerald v Town of Huntington*, 18 AD3d 603, 604 [2005]). Here, the plaintiff contends that the defect which allegedly resulted in her injuries was caused or created by the negligent repair of the walkway undertaken by the defendants. However, the plaintiff's submissions in opposition were insufficient to raise a triable issue of fact because the conclusions set forth by the plaintiff's expert were not supported by empirical data or any relevant construction practices or industry standards, and the expert's affidavit failed to explain how he had reached the conclusions that he did (*see Ioffe v Hampshire House Apt. Corp.*, 21 AD3d 930, 931 [2005]; *Rochford v City of Yonkers*, 12 AD3d 433, 433-434 [2004]; *Sipourene v County of Nassau*, 266 AD2d 450, 451 [1999]). Accordingly, the Supreme Court properly granted the defendants' motion (*see generally Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]; *Zuckerman v City of New York*, 49 NY2d 557 [1980]). Rivera, J.P., Spolzino, Ritter and Angiolillo, JJ., concur.