■ JOHN R. SMITH, Respondent, v TOWN OF BROOKHAVEN, Appellant. [846 NYS2d 203]—

In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Suffolk County (Spinner, J.), dated August 21, 2006, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the motion for summary judgment dismissing the complaint is granted.

A municipality that has enacted a prior written notice law is excused from liability absent proof of prior written notice or an exception thereto (see Poirier v City of Schenectady, 85 NY2d 310 [1995]; Perrington v City of Mount Vernon, 37 AD3d 571 [2007]). The Court of Appeals has recognized two exceptions to this rule, "namely, where the locality created the defect or haz-

ard through an affirmative act of negligence . . . and where a 'special use' confers a special benefit upon the locality" (*Amabile v City of Buffalo*, 93 NY2d 471, 474 [1999]; *see Delgado v County of Suffolk*, 40 AD3d 575 [2007]; *Padula v City of Long Beach*, 20 AD3d 555 [2005]; *Lopez v G&J Rudolph Inc.*, 20 AD3d 511 [2005]). Here, the defendant established its entitlement to judgment as a matter of law by demonstrating that it did not have prior written notice of the pothole which allegedly caused the plaintiff to fall from his motor scooter (*see Delgado v County of Suffolk*, 40 AD3d at 575; *Lopez v G&J Rudolph Inc.*, 20 AD3d at 511; *Madtes v Town of Brookhaven*, 275 AD2d 443 [2000]). In opposition, the plaintiff failed to submit evidence sufficient to raise a triable issue of fact as to whether the pothole was created by the defendant's affirmative act of negligence in failing to construct and/or maintain a proper drainage system. The opinion of the plaintiff's expert that the nearby storm drain sewer was inadequate, causing the street to constantly flood, freeze, thaw, and erode, because the storm drain sewer was under water when he inspected it three years after the accident, was speculative (*see DeCarlo v Village of Dobbs Ferry*, 36 AD3d 749 [2007]). At best, the expert's affidavit showed that the pothole formed over a course of years as a result of wear and tear and environmental factors, which cannot be deemed an affirmative act of negligence (*see Hyland v City of New York*, 32 AD3d 822 [2006]; *Yarborough v City of New York*, 28 AD3d 650 [2006]). Miller, J.P., Ritter, Santucci and Balkin, JJ., concur.