■ IZABEL RODRIGUEZ, Respondent, v CITY OF MOUNT VERNON, Appellant, et al., Defendants. [858 NYS2d 751]—

In an action to recover damages for personal injuries, the defendant City of Mount Vernon appeals from an order of the Supreme Court, Westchester County (Nicolai, J.), entered April 6, 2007, which denied its motion for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is reversed, on the law, with costs, and the motion of the defendant City of Mount Vernon for summary judgment dismissing the complaint insofar as asserted against it is granted.

A municipality that has enacted a prior written notice law is excused from liability absent proof of prior written notice or an exception thereto (*see Poirier v City of Schenectady,* 85 NY2d 310, 313 [1995]; *Smith v Town of Brookhaven,* 45 AD3d 567 [2007]). The Court of Appeals has recognized two exceptions to this rule, "namely, where the locality created the defect or hazard through an affirmative act of negligence . . . and where a 'special use' confers a special benefit upon the locality" (*Amabile v City of Buffalo,* 93 NY2d 471, 474 [1999]; *see Delgado v County of Suffolk,* 40 AD3d 575, 575-576 [2007]). Here, the defendant City of Mount Vernon established its entitlement to judgment as a matter of law by demonstrating that it did not have prior

written notice of the allegedly dangerous condition that purportedly caused the plaintiff's fall (*see Smith v Town of Brookhaven,* 45 AD3d at 568; *Jacobs v Village of Rockville Ctr.,* 41 AD3d 539, 540 [2007]). In opposition, the plaintiff failed to raise a triable issue of fact. Under the circumstances of this case, we disagree with the plaintiff's contention that the City is estopped from claiming, as a defense, the absence of prior written notice to the proper statutory designee (*cf. Gorman v Town of Huntington,* 47 AD3d 30 [2007]). Accordingly, the Supreme Court should have granted the City's motion for summary judgment dismissing the complaint insofar as asserted against it. Mastro, J.P., Rivera, Angiolillo and McCarthy, JJ., concur.