■ Mary Ann Carlo et al., Appellants, v Town of Babylon, Respondent. [869 NYS2d 549]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Doyle, J.), dated July 24, 2007, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

While the plaintiff Mary Ann Carlo (hereinafter the plaintiff) was walking on a brick pathway at the Town Hall Park in the defendant Town of Babylon, she failed to note the height dif-

ferential between the edge of the brick pathway and the abutting landscaped area due to overgrown grass and weeds, twisted her ankle and fell. As a result, the plaintiff and her husband, derivatively, commenced this action against the defendant. The defendant moved for summary judgment dismissing the complaint, contending, inter alia, that it did not have prior written notice of the alleged defect.

A municipality that has enacted a prior written notice law is excused from liability absent proof of prior written notice or an exception thereto (*see Poirier v City of Schenectady*, 85 NY2d 310, 313 [1995]; *Smith v Town of Brookhaven*, 45 AD3d 567 [2007]). The Court of Appeals has recognized two exceptions to this rule, "namely, where the locality created the defect or hazard through an affirmative act of negligence [and] where a special use confers a special benefit upon the locality" (*Amabile v City of Buffalo*, 93 NY2d 471, 474 [1999]; *see Delgado v County of Suffolk*, 40 AD3d 575 [2007]).

The defendant established its entitlement to judgment as a matter of law by demonstrating that it did not have prior written notice of the alleged defective condition (*see Poirier v City of Schenectady*, 85 NY2d 310 [1995]; *Smith v Town of Brookhaven*, 45 AD3d 567 [2007]). In opposition, the plaintiffs failed to submit evidence sufficient to raise a triable issue of fact as to whether the defendant affirmatively created the alleged defective condition (*see Monteleone v Incorporated Vil. of Floral Park*, 74 NY2d 917 [1989]; *Lowenthal v Theodore H. Heidrich Realty Corp.*, 304 AD2d 725 [2003]; *Zawacki v Town of N. Hempstead*, 184 AD2d 697 [1992]; *Zizzo v City of New York*, 176 AD2d 722 [1991]; *cf. Bohm v Town of Brookhaven*, 43 AD3d 454 [2007]). Accordingly, the Supreme Court properly granted the defendant's motion for summary judgment. Santucci, J.P., Dillon, Dickerson and Chambers, JJ., concur.