REI HIRASAWA, Appellant, v CITY OF LONG BEACH et al., Respondents. [870 NYS2d 96]—

The plaintiff alleges that she was injured on June 5, 2004 when she tripped over a metal plate protruding from a median located on Grand Boulevard in the defendant City of Long Beach. The concrete curb, which had been constructed around the median approximately 18 months before the accident, was missing from the area around the metal plate upon which the plaintiff allegedly fell. Thereafter, the plaintiff commenced this action against the City and ADJO Contracting Corp. (hereinafter ADJO), the construction company which had contracted with the City to build the subject curbs around the median.

The Supreme Court properly granted the motion of ADJO for summary judgment dismissing the complaint insofar as asserted against it. The evidence submitted by ADJO in support of its motion for summary judgment established, prima facie, that it neither created nor had actual or constructive notice of the condition that caused the plaintiff's accident (*see Piacquadio v Recine Realty Corp.,* 84 NY2d 967, 969 [1994]; *Erikson v J.I.B. Realty Corp.,* 12 AD3d 344, 346 [2004]). In opposition, the plaintiff failed to raise a triable issue of fact as to whether ADJO created the alleged hazardous condition (*see Alger v CVS Mack Drug of N.Y., LLC,* 39 AD3d 928, 929 [2007]; *Feuer v Vernon Manor Coop. Apts., Section I,* 303 AD2d 448, 448-449 [2003]; *Dominitz v Food Emporium,* 271 AD2d 640 [2000]). Although the plaintiff's expert stated in an affidavit that ADJO failed to properly cure the concrete curb for the required period of time before vehicles were permitted on the abutting roadway, there is no mention of the metal plate adjacent to the curb, which ADJO denied installing or having knowledge of. Indeed, the plaintiff failed to establish any connection between the missing curb and the metal plate, which she alleged caused her accident.

The Supreme Court also properly granted the City's motion for summary judgment dismissing the complaint insofar as asserted against it. "A municipality that has enacted a prior written notice law is excused from liability absent proof of prior written notice or an exception thereto" (*Carlo v Town of Babylon,* 55 AD3d 769, 770 [2008]; *see Poirier v City of Schenectady,* 85 NY2d 310, 314 [1995]; *Rodriguez v City of Mount Vernon,* 51 AD3d 900 [2008]). The Court of Appeals has recognized two exceptions to this rule, "namely, where the locality created the defect or hazard through an affirmative act of negligence" and "where a 'special use' confers a special benefit upon the locality" (*Amabile v City of Buffalo,* 93 NY2d 471, 474 [1999]; *see also Delgado v County of Suffolk,* 40 AD3d 575 [2007]; *Lopez v G&J Rudolph Inc.,* 20 AD3d 511, 512 [2005]). "Further, 'the affirmative negligence exception . . . [is] limited to work by the

City that *immediately* results in the existence of a dangerous condition' " (*Oboler v City of New York,* 8 NY3d 888, 889-890 [2007] [emphasis added], quoting *Bielecki v City of New York,* 14 AD3d 301 [2005]).

Applying these principles here, the City established its entitlement to judgment as a matter of law by submitting evidence that it had no prior written notice of the allegedly defective condition which caused the plaintiff's fall (*see Smith v Town of Brookhaven,* 45 AD3d 567, 568 [2007]; *Filaski-Fitzgerald v Town of Huntington,* 18 AD3d 603, 604 [2005]; *Gold v County of Westchester,* 15 AD3d 439, 440 [2005]). In opposition, the plaintiff failed to submit evidence sufficient to raise a triable issue of fact as to her contention that the City created the alleged defect through an affirmative act of negligence. Although the City had supervised ADJO's work, the plaintiff failed to submit evidence that the defective condition existed immediately upon the completion of the repair work (*see Daniels v City of New York,* 29 AD3d 514 [2006]; *Bielecki v City of New York,* 14 AD3d at 301). Mastro, J.P., Miller, Balkin and McCarthy, JJ., concur.