*417 On November 14, 2006, plaintiff, an electrician employed by third-party defendant Bloomingdale’s, Inc. (Bloomingdale’s), was injured in Bloomingdale’s Manhattan department store while attempting to run electrical wires for a fire alarm system for Bloomingdale’s into a eight feet three inch by four feet seven inch glass display box, manufactured by defendant Display Craft Manufacturing Company (Display Craft). The illuminated display box was mounted on a column in a boutique operated by defendant Chanel, Inc. (Chanel) inside the department store, and advertised the Chanel product line. In March 2007, plaintiff commenced the instant personal injury action against Chanel and Display Craft alleging negligence, products liability, and violations of Labor Law §§ 200, 240 (1) and 241 (6).
At deposition, plaintiff testified that he was trying to open the display box in order to determine whether it was possible to snake the fire alarm wire into it. First, he pressed on the sides of the display box to open it, as he had done with other smaller, hinged display boxes in the store. Although he did not see any hinges, he assumed that the display box had hinges. When it did not open, he then knelt down next to the box and attempted to open it by prying off the glass panel with a thin screwdriver along the bottom of the left edge. He testified that he believed this method would work because he had opened smaller, hinged boxes this way. As plaintiff was wedging the screwdriver under the panel, the 146-pound panel bowed, sprang loose from the box, and fell on his hand.
Display Craft’s chief executive officer testified that the display box, rather than using a piano-hinge system where the glass panel opened as a door, had a “U-channel” system where the glass panel slid into grooves on three sides of the box and was secured by bullet catches. He explained that his design utilized a “U-channel,” because a piano hinge system was not capable of supporting a glass panel of that weight (146 pounds) on a box that size.
*418 In January 2010, Chanel moved for summary judgment dismissing the complaint, arguing, inter alia, that it did not manufacture the display box and that there was no evidence that it was negligent. Chanel’s engineering expert stated in an affidavit that design of the display box, including the manner in which the glass frame was secured, was safe for its intended use, and had functioned as intended for the two years before plaintiffs attempt to pry it open. He further testified that the interior of the display box was designed to house only its own components.
In February 2010, Display Craft also moved for summary judgment dismissing the complaint. Display Craft argued, inter alia, that there was no evidence that the display box was defectively designed or manufactured and that it was plaintiffs attempt to open the box with a screwdriver that proximately caused his injury.
Plaintiff opposed the motions on the ground that the display box was defectively designed because there was no hinge and no indication of how the glass panel could be safely removed. Plaintiff argued that the design posed a latent hazard, and that Display Craft had a duty to warn against such a hazard, and Chanel had a duty to protect against known latent hazards on the premises it occupied. In support, plaintiff submitted the report of his expert industrial designer who opined that the design of the display box was negligent and that defendants failed to place any warnings on the display box, which constituted a departure from industrial design and constituted a design defect. The court granted defendants’ motions,[1] finding that “it was . . . plaintiffs unilateral decision to open the box using an obviously unsafe method that was the sole proximate cause of the accident.”
For the reasons set forth below, Chanel and Display Craft are entitled to summary judgment dismissing plaintiffs negligence and product liability claims. Plaintiff failed to raise a question of material fact as to whether the display box was defectively designed, or whether Display Craft had a duty to warn.
A manufacturer may be held liable for a defective product when it “contains a manufacturing flaw, is defectively designed or is not accompanied by adequate warnings for the use of the *419 product” (Liriano v Hobart Corp., 92 NY2d 232, 237 [1998]). A defectively designed product is one that “is in a condition not reasonably contemplated by the ultimate consumer and is unreasonably dangerous for its intended use” (Voss v Black & Decker Mfg. Co., 59 NY2d 102, 107 [1983] [internal quotation marks omitted]). To recover for injuries caused by a defective product, the defect must have been a substantial factor in causing the injury, and “the product must have been used for the purpose and in the manner normally intended or in a manner reasonably foreseeable” (Amatulli v Delhi Constr. Corp., 77 NY2d 525, 532 [1991]).
A manufacturer has a duty to warn foreseeable users of the product “against latent dangers resulting from foreseeable uses of its product of which it knew or should have known” (Liriano, 92 NY2d at 237). This duty also extends to dangers posed by reasonably foreseeable unintended uses of a product (id.).
In this case, the court properly determined that Chanel did not design the display case. The record reflects that Chanel provided conceptual drawings, but Display Craft designed and manufactured the box, including incorporation of the “U-channel” system.
Furthermore, defendants’ evidence established that the display box was not defectively designed. It is undisputed that the box functioned effectively for two years until plaintiff attempted to pry off the glass panel. Chanel’s expert engineer’s unrebutted testimony established that the display box conformed with all applicable codes and regulations and that the use of a “U-channeled, bullet-catch design” was common in the industry.
In opposition, plaintiff failed to raise a triable issue of fact. His expert’s opinion that the design was defective was purely speculative as he failed to cite to any regulations, facts or data in support of his conclusion, and as such was not sufficient to raise a triable issue of fact (see e.g. Diaz v New York Downtown Hosp., 99 NY2d 542, 544 [2002]; Delgado v County of Suffolk, 40 AD3d 575, 576 [2007] [the plaintiff’s expert’s conclusions “were not supported by empirical data or any relevant construction practices or industry standards”]).
As to Display Craft’s alleged duty to warn, the record reveals that Chanel was the foreseeable user and that Display Craft was aware of the difficulty of servicing the display. Display Craft’s chief executive officer testified that Display Craft specifically advised Chanel to procure the services of an expert to maintain the display box. The reason for this is obvious from both the size and weight of the display itself as well as the *420 aesthetics of the display. The record reflects that Chanel hired an expert to perform all necessary maintenance and service work on the light box display unit.
Contrary to the dissent’s view, the mere fact that plaintiff had changed light bulbs in smaller display boxes in the store does not make him a foreseeable user of this particular box. There is no evidence that Bloomingdale’s personnel ever performed any service tasks on the display box, including changing the light bulbs, at any time during the two years between its installation and plaintiffs accident.
Nor was plaintiffs misuse of the display unit foreseeable. It is undisputed that the display unit was not designed to accommodate anything other than its own parts, and that neither defendant was advised that plaintiff planned to open the display box to see if he could run fire alarm wire into it. Just because the display box was located in an open area and designed so that the interior could be accessed does not mean that Display Craft should have anticipated that Bloomingdale’s workers would attempt to access it for reasons having nothing to do with maintenance of the display.
Even were we to find, arguendo, that there is an issue of fact on this question, there is no duty to warn of a product’s obvious danger, particularly where the injured party was fully aware of the hazard through general knowledge, observation, or common sense (Liriano, 92 NY2d at 242). Here, the sheer size of the glass panel, coupled with the lack of visible hinges and its failure to open as other smaller boxes did by pressing on the side, should have been warning enough to plaintiff not to attempt to pry it open from the bottom with a screwdriver (see e.g. Bazerman v Gardall Safe Corp., 203 AD2d 56 [1994] [no duty to warn of the obvious risk and possibility of injury posed by moving and turning over a heavy safe which slipped and crushed the plaintiffs hand]).
Finally, Chanel is not liable to plaintiff for common-law negligence. It is undisputed that Chanel had no knowledge of the installation of the fire alarm system. Furthermore, as discussed above, it was plaintiffs method of opening the display box with a screwdriver that was the sole proximate cause of his injury. An owner may not be held liable when the accident arose out of the means and methods of a plaintiffs work, over which the owner had no authority (see Lombardi v Stout, 80 NY2d 290, 295 [1992]). Concur — Friedman, Catterson, Renwick and Freedman, JJ.

. In the same order, the court granted a motion by Bloomingdale’s to dismiss a third-party action commenced against it by Chanel. Chanel has not cross-appealed from that dismissal. The motion court also found that plaintiff abandoned his Labor Law claims, which plaintiff does not contest on appeal. Thus, plaintiffs only remaining claims are for negligence and products liability asserted against Chanel and Display Craft.