Dejesus v Town of Mamaroneck (2020 NY Slip Op 07542)





Dejesus v Town of Mamaroneck


2020 NY Slip Op 07542


Decided on December 16, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 16, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
MARK C. DILLON
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY, JJ.


2019-03098
 (Index No. 52218/17)

[*1]Angel Dejesus, appellant,
v
Town of Mamaroneck, respondent.


Melvyn S. Jacknowitz (Arnold E. DiJoseph, P.C., New York, NY, of counsel), for appellant.
O'Connor, McGuinness, Conte, Doyle, Oleson, Watson & Loftus, LLP, White Plains, NY (Montgomery L. Effinger of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Westchester County (William J. Giacomo, J.), dated February 20, 2019. The order, insofar as appealed from, granted that branch of the defendant's motion which was for summary judgment dismissing the cause of action alleging negligence.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the defendant's motion which was for summary judgment dismissing the cause of action alleging negligence is denied.
The plaintiff allegedly sustained injuries when he stepped on a loose manhole cover located on a patch of concrete owned and maintained by the defendant, Town of Mamaroneck. According to the plaintiff, after stepping on the edge of the manhole cover, it swung out from under him, crushing his leg and causing his left foot to fall into the manhole. The plaintiff commenced this action against the defendant to recover damages for personal injuries, alleging negligence in the first cause of action and nuisance in the second cause of action. Following the completion of discovery, the defendant moved for summary judgment dismissing the complaint on the ground, inter alia, that it did not receive prior written notice of the alleged defect, as required by Town Law § 65-a. The Supreme Court granted the defendant's motion. The plaintiff appeals from so much of the order as granted that branch of the defendant's motion which was for summary judgment dismissing the first cause of action.
"A municipality that has enacted a prior written notice provision 'may not be subjected to liability for injuries caused by a dangerous condition which comes within the ambit of the law unless it has received prior written notice of the alleged defect or dangerous condition, or an exception to the prior written notice requirement applies'" (Seegers v Village of Mineola, 161 AD3d 910, 910, quoting Palka v Village of Ossining, 120 AD3d 641, 641; see Town Law § 65-a[2]). There are two general exceptions to the written notice rule, "namely, where the locality created the defect or hazard through an affirmative act of negligence and where a 'special use' confers a special benefit upon the locality" (Amabile v City of Buffalo, 93 NY2d 471, 474 [citation omitted]).
"'[T]he prima facie showing which a defendant must make on a motion for summary judgment is governed by the allegations of liability made by the plaintiff in the pleadings'" (Loghry v Village of Scarsdale, 149 AD3d 714, 715, quoting Foster v Herbert Slepoy Corp., 76 AD3d 210, 214; see Seegers v Village of Mineola, 161 AD3d at 911). Where, as here, the plaintiff alleged that the affirmative negligence exception applies, the defendant must show, prima facie, that the exception does not apply (see Eisenberg v Town of Clarkstown, 172 AD3d 683, 684).
Here, the plaintiff alleged that the defendant created the alleged dangerous condition, inter alia, through its initial placement of the manhole and by the use of an ill-fitting manhole cover, and the defendant's submissions in support of its motion for summary judgment do not address these allegations. Accordingly, the defendant failed to establish, prima facie, that it did not create the alleged defect (see Giaquinto v Town of Hempstead, 106 AD3d 1049, 1050; Braver v Village of Cedarhurst, 94 AD3d 933, 934; cf. Loghry v Village of Scarsdale, 149 AD3d at 716). In the absence of the required showing, that branch of the defendant's motion which was for summary judgment dismissing the first cause of action should have been denied, without regard to the sufficiency of the plaintiff's submissions in opposition (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
SCHEINKMAN, P.J., DILLON, DUFFY and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court