Herron v City of Long Beach (2022 NY Slip Op 01012)





Herron v City of Long Beach


2022 NY Slip Op 01012


Decided on February 16, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 16, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
BETSY BARROS
PAUL WOOTEN
JOSEPH A. ZAYAS, JJ.


2020-03616
 (Index No. 602714/18)

[*1]Shanell Herron, respondent, 
v
City of Long Beach, appellant, et al., defendants.


Simone M. Freeman, Corporation Counsel, Long Beach, NY (Charles M. Geiger of counsel), for appellant.
Law Office of Kenneth M. Mollins, P.C., Hauppauge, NY, for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendant City of Long Beach appeals from an order of the Supreme Court, Nassau County (Randy Sue Marber, J.), entered April 27, 2020. The order denied the motion of the defendant City of Long Beach for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.
ORDERED that the order is reversed, on the law, with costs, and the motion of the defendant City of Long Beach for summary judgment dismissing the complaint and all cross claims insofar as asserted against it is granted.
On March 14, 2017, the plaintiff allegedly was injured when she tripped and fell on a hole in a sidewalk in the defendant City of Long Beach. The plaintiff commenced this action to recover damages for personal injuries against, among others, the City. Thereafter, the City moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against it, asserting, inter alia, that it lacked prior written notice of the alleged defect. In opposition to the motion, the plaintiff argued, among other things, that the affirmative negligence exception to the prior written notice rule applied. In an order entered April 27, 2020, the Supreme Court denied the City's motion on the ground that the City failed to establish, prima facie, that it did not create the allegedly defective condition through an affirmative act of negligence. The City appeals.
"'A municipality that has enacted a prior written notice provision may not be subjected to liability for injuries caused by a dangerous condition which comes within the ambit of the law unless it has received prior written notice of the alleged defect or dangerous condition, or an exception to the prior written notice requirement applies'" (Dejesus v Town of Mamaroneck, 189 AD3d 1172, 1172, quoting Seegers v Village of Mineola, 161 AD3d 910, 910 [internal quotation marks omitted]). Insofar as relevant here, "an exception to the prior written notice laws exists where the municipality creates the defective condition through an affirmative act of negligence" (Piazza v Volpe, 153 AD3d 563, 564).
"'[T]he prima facie showing which a defendant must make on a motion for summary judgment is governed by the allegations of liability made by the plaintiff in the pleadings'" (Dejesus v Town of Mamaroneck, 189 AD3d at 1173, quoting Loghry v Village of Scarsdale, 149 AD3d 714, [*2]715 [internal quotation marks omitted]). Thus, a defendant is not required to establish, prima facie, that an exception to the prior written notice rule does not apply unless the plaintiff alleged that exception (see Dejesus v Town of Mamaroneck, 189 AD3d at 1173; Minew v City of New York, 106 AD3d 1060, 1061). Further, "a plaintiff cannot defeat an otherwise proper motion for summary judgment by asserting, for the first time in opposition to the motion, a new theory of liability that was not pleaded in the complaint or bill of particulars" (Troia v City of New York, 162 AD3d 1089, 1092).
Here, the City established its prima facie entitlement to judgment as a matter of law by demonstrating that it did not receive the requisite prior written notice of the alleged defect in the sidewalk (see Brower v County of Suffolk, 185 AD3d 774, 776; Weinstein v County of Nassau, 180 AD3d 730, 730; Charles v City of Long Beach, 136 AD3d 634; Chirco v City of Long Beach, 106 AD3d 941; Hirasawa v City of Long Beach, 57 AD3d 846).
In opposition to the City's prima facie showing, the plaintiff failed to raise a triable issue of fact. Contrary to the plaintiff's contention, her assertion that the affirmative negligence exception to the prior written notice rule applied was improperly raised for the first time in opposition to the City's motion for summary judgment (see Methal v City of New York, 116 AD3d 743, 744).
Accordingly, the Supreme Court should have granted the City's motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.
DILLON, J.P., BARROS, WOOTEN and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court