Jones v City of Long Beach (2025 NY Slip Op 05798)

Jones v City of Long Beach

2025 NY Slip Op 05798

Decided on October 22, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 22, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LARA J. GENOVESI, J.P.
CHERYL E. CHAMBERS
JANICE A. TAYLOR
PHILLIP HOM, JJ.

2024-03715
 (Index No. 601532/22)

[*1]Jennifer Jones, appellant, 
v
City of Long Beach, respondent.

Suris & Associates, P.C., Melville, NY (Robert A. Abiuso of counsel), for appellant.
Frank Dikranis, Corporation Counsel, Long Beach, NY (Charles M. Geiger and Steven Pambianchi of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Thomas Rademaker, J.), dated January 8, 2024. The order granted the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
The plaintiff commenced this action against the defendant, City of Long Beach, to recover damages for personal injuries that she allegedly sustained when she tripped and fell on a raised brick within a walkway. The defendant moved for summary judgment dismissing the complaint. In an order dated January 8, 2024, the Supreme Court granted the defendant's motion. The plaintiff appeals.
"When a municipality has adopted a prior written notice law, the municipality 'cannot be held liable for a defect within the scope of the law absent the requisite written notice, unless an exception to the requirement applies'" (Schaum v City of New York, 216 AD3d 691, 691, quoting Sanon v MTA Long Is. R.R., 203 AD3d 773, 775; see Amabile v City of Buffalo, 93 NY2d 471, 474). "Where the municipality makes a prima facie showing that it lacked prior written notice of the alleged defect, the burden shifts to the plaintiff to demonstrate the applicability of one of two recognized exceptions to the rule—that the municipality affirmatively created the defect through an act of negligence or that a special use resulted in a special benefit to the locality" (Reynolds v City of Poughkeepsie, 230 AD3d 1260, 1261 [internal quotation marks omitted]; see D.D. v Incorporated Vil. Of Freeport, 186 AD3d 795, 796). "The affirmative negligence exception is limited to work done by a municipality 'that immediately results in the existence of a dangerous condition'" (Wilson v Incorporated Vil. of Freeport, 212 AD3d 870, 871 [emphasis omitted], quoting Oboler v City of New York, 8 NY3d 888, 889).
Here, as the plaintiff concedes, the defendant established, prima facie, that it did not have prior written notice of the alleged defect, thereby shifting the burden to the plaintiff to demonstrate either that a triable issue of fact existed in that regard or that one of the exceptions to the prior written notice requirement applied (see Reynolds v City of Poughkeepsie, 230 AD3d at 1261; O'Connor v City of Long Beach, 218 AD3d 482, 483). In opposition, the plaintiff failed to [*2]raise a triable issue of fact, because her contention that the defendant's employees affirmatively created the alleged defect through an act of negligence was speculative (see Wilson v Incorporated Vil. of Freeport, 212 AD3d at 872; Carlo v Town of Babylon, 55 AD3d 769, 770).
Accordingly, the Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint.
GENOVESI, J.P., CHAMBERS, TAYLOR and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court