■ Luisa Bosco, Appellant-Respondent, v. Philip J. Alicino, Respondent-Appellant, et al., Defendants.— Judgment of Supreme Court, New York County, entered October 30, 1970, after trial before Levey, J., unanimously modified, on the law, the facts and in the exercise of discretion, to the extent of providing (1) that the judgment against plaintiff, entered on February 2, 1961 in the sum of $10,914.75, which was declared to be in full force and effect, shall bear interest only from October 30, 1970, and (2) that insofar as the judgment herein awards defendant Alicino the further sum of $10,050.34, that award shall bear interest only from October 30, 1970, and, as so modified, the judgment is affirmed, without costs and without disbursements. The essential facts in this litigation were stipulated for the purpose of trial. Defendant Alicino had obtained a deed to the premises involved herein through an invalid execution upon a judgment entered in February, 1961 following a default by plaintiff upon a settlement of a foreclosure action. In the instant suit brought pursuant to the Real Property Actions and Proceedings Law, it has been determined that the deed obtained by Alicino in 1961 is void; that the judgment entered on February 2, 1961 for $10,914.75 should be reinstated; and that Alicino is entitled to the sum of $10,050.34 found, after a reference, to be the excess of expenditures over receipts during the period Alicino was in possession of the premises. The findings and conclusions of the trial court in respect of those determinations are affirmed. However, we conclude that it was an improvident exercise of discretion not to have limited interest both on the reinstated judgment of February 2, 1961 and the additional recovery awarded to Alicino to a period subsequent to October 30, 1970. Since this is an action of an equitable nature, the recovery of interest is within the court's discretion. (*Shubert* v. *Lawrence*, 27 A D 2d 292, 297; *Spadanuta* v. *Incorporated Vil. of Rockville Centre*, 20 A D 2d 799, 800, affd. 15 N Y 2d 755; CPLR 5001, subd. [a].) The exercise of that discretion will be governed by particular facts in each case. None of the criteria which prompt the award of interest appears in this case. As to the judgment of February, 1961, from one standpoint it had been satisfied up to the time of the entry of the judgment herein; and it would be inequitable to require plaintiff to pay interest for the period of nonexistence of that judgment. At the same time, the situation in which the parties found themselves resulted from faulty conduct on both sides. Since Alicino contributed to the imbroglio, the dictates of equity are sufficiently satisfied if Alicino is made whole by being reimbursed for any deficit he incurred while in possession of, and operating, the premises, which it is now determined belonged to plaintiff.

While Alicino should not be penalized, he should not be unduly rewarded as a consequence of a situation in which he had some measure of fault. It has been appropriately said: "In a court of equity, wrongful acts are no passport to favour". Under the circumstances of this case, therefore, a prudent exercise of discretion would limit the recovery of interest to the time subsequent to October 30, 1970, the date of entry of the judgment herein. Concur — McGivern, J. P., Nunez, Murphy, Tilzer and Eager, JJ.