JOHN HANCOCK LIFE INSURANCE COMPANY OF NEW YORK, Respondent, v SHAVY HIRSCH, Appellant. [909 NYS2d 519]—

In an action, inter alia, to declare a policy of life insurance void, the defendant appeals, as limited by her brief, from (1) stated portions of an order of the Supreme Court, Westchester County (Giacomo, J.), entered July 10, 2009, (2) so much of a judgment of the same court dated September 11, 2009, as, upon the order, failed to award her interest on the premiums, (3) so much of an order of the same court entered October 22, 2009, as denied that branch of her motion which was for leave to reargue and renew the failure to award her prejudgment interest, and (4) so much of an order of the same court entered March 2, 2010, as denied that branch of her second motion which was for leave to reargue and renew the failure to award her prejudgment interest.

Ordered that the appeal from the order entered July 10, 2009, is dismissed; and it is further,

Ordered that the appeals from so much of the orders entered October 22, 2009, and March 2, 2010, respectively, as denied those branches of the defendant's motions which were for leave to reargue are dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the judgment is affirmed insofar as appealed from; and it is further,

Ordered that the orders entered October 22, 2009, and March 2, 2010, are affirmed insofar as reviewed; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The appeal from the intermediate order entered July 10, 2009, must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from that order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

Contrary to the defendant's contention, the Supreme Court did not err in failing to award her prejudgment interest on the

premiums returned to her following the voiding of the subject life insurance policy, since the defendant did not seek such an award during the proceedings leading up to the judgment or in her submissions on that branch of her first motion which was for leave to renew. Moreover, to the extent that she belatedly attempted to raise the issue of prejudgment interest for the first time in that branch of her second motion which was for leave to renew, her contention did not constitute a valid basis for renewal since she was aware of the relevant facts during the prior motions and did not present a reasonable justification for failing to present them to the Supreme Court on those earlier occasions (*see* CPLR 2221 [e] [2], [3]; *Bauerlein v Salvation Army*, 74 AD3d 851 [2010]; *Huma v Patel*, 68 AD3d 821, 822 [2009]).

Moreover, the determination of whether to direct the payment of prejudgment interest in an equitable action such as the present one rests within the sound discretion of the court (*see* CPLR 5001 [a]; *see generally Verdrager v Verdrager*, 230 AD2d 786, 787 [1996]; *Matter of Rosenblum [Aetna Cas. & Sur. Co.]*, 81 AD2d 731 [1981]; *Bosco v Alicino*, 37 AD2d 552 [1971]). Under the circumstances of this case, we discern no basis for disturbing the Supreme Court's determination in this regard. Mastro, J.P., Dickerson, Eng and Lott, JJ., concur.