The defendant made a prima facie showing of its entitlement to judgment as a matter of law by demonstrating that it lacked prior written notice of the allegedly defective condition that caused the subject accident (see Groninger v Village of Mamaroneck, 17 NY3d 125, 129 [2011]; see also McCarthy v City of White Plains, 54 AD3d 828, 829 [2008]; Granderson v City of White Plains, 29 AD3d 739 [2006]). In opposition, the plaintiffs failed to raise a triable issue of fact as to whether there was such prior written notice (see McCarthy v City of White Plains, 54 AD3d at 829). Furthermore, although the plaintiffs attempted *774 to raise a triable issue of fact as to whether the defendant created the condition through an affirmative act of negligence (see Amabile v City of Buffalo, 93 NY2d 471, 474 [1999]), they failed to do so (see Hyland v City of New York, 32 AD3d 822, 823-824 [2006]; see also Schleif v City of New York, 60 AD3d 926, 927-928 [2009]; Diaz v City of New York, 56 AD3d 599, 600-601 [2008]). Accordingly, the Supreme Court properly granted the defendant’s motion for summary judgment dismissing the complaint. Skelos, J.P., Dickerson, Leventhal and Roman, JJ., concur.