■ Timothy Conner, Appellant, v City of New York, Respondent. [960 NYS2d 204]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Velasquez, J.), entered January 31, 2012, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff, a former Sergeant with the New York City Police Department, commenced this action to recover damages for injuries he allegedly incurred while on duty and responding to an emergency call. The plaintiff alleged in his notice of claim and complaint that he fell as a result of tripping in a pothole, adjacent to a manhole, in the roadway in front of certain premises in Brooklyn. The plaintiff alleged that his injuries were a direct result of the negligence and carelessness of the City of New York in allowing or permitting the dangerous condition to exist. Following the completion of discovery, the City moved for summary judgment dismissing the complaint on the ground that it lacked prior written of the dangerous condition,

as required under Administrative Code of the City of New York § 7-201 (c). The Supreme Court granted the motion, concluding that the City met its prima facie burden of demonstrating that there had been no compliance with the prior written notice law, and that the plaintiff, in opposition, failed to present any evidence to the contrary or that the City made special use of the location of the allegedly dangerous roadway condition.

Where a municipality has enacted a prior written notice law, it may not be subjected to liability for injuries arising from a dangerous roadway condition unless it has received prior written notice of the dangerous condition, or an exception to the prior written notice requirement applies (*see Amabile v City of Buffalo*, 93 NY2d 471 [1999]; *Miller v Village of E. Hampton*, 98 AD3d 1007 [2012]; *De La Reguera v City of Mount Vernon*, 74 AD3d 1127 [2010]; *Schleif v City of New York*, 60 AD3d 926 [2009]). The only recognized exceptions to the statutory prior written notice requirement involve situations in which the municipality created the defect or hazard through an affirmative act of negligence, or where a special use confers a benefit upon the municipality (*see Amabile v City of Buffalo*, 93 NY2d at 474; *Poirier v City of Schenectady*, 85 NY2d 310, 314-315 [1995]; *Loughlin v Town of N. Hempstead*, 84 AD3d 1035 [2011]; *De La Reguera v City of Mount Vernon*, 74 AD3d 1127 [2010]).

Contrary to the plaintiff's contention, the City established its prima facie entitlement to judgment as a matter of law by presenting evidence that it had not received prior written notice of the condition that allegedly caused the plaintiff's injuries (*see Groninger v Village of Mamaroneck*, 17 NY3d 125, 129 [2011]; *Boggi v City of White Plains*, 97 AD3d 773 [2012]; *Pennamen v Town of Babylon*, 86 AD3d 599 [2011]). In opposition, the plaintiff failed to raise a triable issue of fact as to whether the City actually was provided with timely prior written notice or whether the special use exception was applicable (*see Oboler v City of New York*, 8 NY3d 888, 890 [2007]; *Melendez v City of New York*, 72 AD3d 913 [2010]; *Schleif v City of New York*, 60 AD3d at 928; *ITT Hartford Ins. Co. v Village of Ossining*, 257 AD2d 606 [1999]), and the plaintiff did not address the affirmative act exception to the prior written notice law.

The plaintiff's remaining contentions either are without merit or improperly raised for the first time on appeal.

Accordingly, the Supreme Court properly granted the City's motion for summary judgment dismissing the complaint. Mastro, J.P., Angiolillo, Chambers and Cohen, JJ., concur.