■ JOSEFINA PHILLIPS, Appellant, v CITY OF NEW YORK, Respondent. [967 NYS2d 736]—

In an action to recover damages for personal injuries, the plaintiff appeals from (1) an order of the Supreme Court, Queens County (Flug, J.), dated January 6, 2011, which granted the defendant's motion for summary judgment dismissing the complaint, and denied, as academic, her motion to restore the case to the trial calendar, and (2) an order of the same court entered August 8, 2011, which denied her motion for leave to renew and reargue.

Ordered that the order dated January 6, 2011, is affirmed; and it is further,

Ordered that the appeal from so much of the order entered August 8, 2011, as denied that branch of the plaintiff's motion which was for leave to reargue is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order entered August 8, 2011, is affirmed insofar as reviewed; and it is further,

Ordered that one bill of costs is awarded to the defendant.

Where, as here, a municipality has enacted a prior written notice law, it may not be subjected to liability for injuries caused by a dangerous roadway condition unless it has received prior written notice of the dangerous condition, or an exception to the prior written notice requirement applies (see Amabile v City of Buffalo, 93 NY2d 471 [1999]; Conner v City of New York, 104 AD3d 637 [2013]; Pennamen v Town of Babylon, 86 AD3d 599

[2011]). "The only recognized exceptions to the statutory prior written notice requirement involve situations in which the municipality created the defect or hazard through an affirmative act of negligence, or where a special use confers a benefit upon the municipality" (*Conner v City of New York*, 104 AD3d 637, 638 [2013]; *see Amabile v City of Buffalo*, 93 NY2d at 474; *Poirier v City of Schenectady*, 85 NY2d 310, 314-315 [1995]; *De La Reguera v City of Mount Vernon*, 74 AD3d 1127 [2010]).

Here, the defendant established its prima facie entitlement to judgment as a matter of law by presenting evidence that it had not received prior written notice of the condition that allegedly caused the plaintiff's injuries (*see Conner v City of New York*, 104 AD3d 637 [2013]; *Laracuente v City of New York*, 104 AD3d 822 [2013]; *Boggi v City of White Plains*, 97 AD3d 773 [2012]). In opposition, the plaintiff failed to raise a triable issue of fact as to whether the defendant received prior written notice, or whether either of the recognized exceptions to the prior written notice requirement applied (*see Albano v Suffolk County*, 99 AD3d 741, 742 [2012]; *Hanover Ins. Co. v Town of Pawling*, 94 AD3d 1055, 1057 [2012]). Accordingly, the Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint, and denied, as academic, the plaintiff's motion to restore the case to the trial calendar.

The Supreme Court also properly denied that branch of the plaintiff's motion which was for leave to renew, since there was no reasonable justification for failing to submit the purportedly new evidence in opposition to the defendant's motion for summary judgment (*see* CPLR 2221 [e]; *John Hancock Life Ins. Co. of N.Y. v Hirsch*, 77 AD3d 710, 711 [2010]; *Crystal House Manor, Inc. v Totura*, 29 AD3d 933 [2006]). Skelos, J.P., Angiolillo, Roman and Hinds-Radix, JJ., concur.