In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Velasquez, J.), dated May 15, 2012, which granted the motion of the defendant City of New York for summary judgment dismissing the complaint insofar as asserted against it.
Ordered that the order is affirmed, with costs.
While crossing Avenue M near the intersection of East 15th Street in Brooklyn, the plaintiff allegedly was injured after she tripped and fell on a raised piece of asphalt located at a bus stop. After the completion of discovery, the defendant City of New York moved for summary judgment dismissing the complaint insofar as asserted against it on the ground that it had not received prior written notice of the alleged roadway defect (see Administrative Code of City of NY § 7-201 [c] [2]). The Supreme Court granted the motion.
“Where, as here, a municipality has enacted a prior written notice statute, it may not be subject to liability for personal injuries caused by a defective street or sidewalk condition absent proof of prior written notice or an exception thereto” (Laracuente v City of New York, 104 AD3d 822, 822 [2013]; see Poirier v City of Schenectady, 85 NY2d 310, 313 [1995]; Tallerico v City of Peekskill, 114 AD3d 932 [2014]). “ ‘The only recognized exceptions to the statutory prior written notice requirement involve situations in which the municipality created the defect or hazard through an affirmative act of negligence, or where a special use confers a benefit upon the municipality’ ” (Phillips v City of New York, 107 AD3d 774, 775 [2013], quoting Conner v City of New York, 104 AD3d 637, 638 [2013]). The affirmative negli *744 gence exception is limited to work done by a municipality that immediately results in the existence of a dangerous condition (see Yarborough v City of New York, 10 NY3d 726, 728 [2008]; Oboler v City of New York, 8 NY3d 888 [2007]; Hirasawa v City of Long Beach, 57 AD3d 846, 847-848 [2008]). The special use exception is “reserved for situations where a landowner whose property abuts a public street or sidewalk derives a special benefit from [the] property unrelated to the public use” (Poirier v City of Schenectady, 85 NY2d at 315).
Here, the City established, prima facie, that it did not have prior written notice of the roadway defect upon which the plaintiff allegedly tripped and fell. In opposition, the plaintiff failed to raise a triable issue of fact as to whether the City did have prior written notice or whether an exception to that requirement applied. Specifically, the plaintiff failed to raise a triable issue as to whether the City created the alleged roadway defect through an affirmative act of negligence which immediately resulted in the existence of that defect (see Yarborough v City of New York, 10 NY3d at 728).
The plaintiff failed to allege the special use exception in either her notice of claim or her complaint (see Semprini v Village of Southampton, 48 AD3d 543 [2008]). Therefore, that new theory of liability was improperly raised in opposition to the City’s motion for summary judgment (see id.). In any event, the operation of bus stops on City roadways does not bestow a special benefit upon the City unrelated to the public use and does not constitute a special use of the roadway (see Poirier v City of Schenectady, 85 NY2d at 315; Tanzer v City of New York, 41 AD3d 582, 583 [2007]).
The plaintiff s remaining contention is without merit.
Accordingly, the Supreme Court properly granted the City’s motion for summary judgment dismissing the complaint insofar as asserted against it. Dillon, J.E, Hall, Austin and Duffy, JJ., concur.