Budoff v City of New York (2018 NY Slip Op 05817)





Budoff v City of New York


2018 NY Slip Op 05817


Decided on August 22, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 22, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
SANDRA L. SGROI
JOSEPH J. MALTESE
LINDA CHRISTOPHER, JJ.


2015-11949
 (Index No. 2760/09)

[*1]Alan Budoff, appellant, 
v
City of New York, respondent, et al., defendants (and a third-party action).


Rappaport, Glass, Levine & Zullo (Mitchell L. Kaufman, P.C., Woodbury, NY), for appellant.
Zachary W. Carter, Corporation Counsel, New York, NY (Scott Shorr and Janet L. Zaleon of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Dawn Jimenez-Salta, J.), dated August 20, 2015. The order, insofar as appealed from, upon, in effect, granting the plaintiff's motion for leave to reargue his opposition to the motion of the defendant City of New York for summary judgment dismissing the complaint insofar as asserted against it, adhered to the original determination in an order dated September 24, 2014, granting that defendant's motion.
ORDERED that the order dated August 20, 2015, is affirmed insofar as appealed from, with costs.
The plaintiff allegedly was injured while riding a bicycle in a bicycle lane on Manhattan Avenue in Brooklyn. The accident allegedly was caused by a defect in the bicycle lane. The plaintiff commenced this action against the City of New York, among others.
The defendants separately moved for summary judgment dismissing the complaint. The Supreme Court granted the defendants' motions in an order dated September 24, 2014. The
plaintiff then moved for leave to reargue his opposition to the defendants' motions. In an order dated August 20, 2015, the Supreme Court, upon, in effect, granting the plaintiff's motion for leave to reargue, adhered to its original determination. The plaintiff appeals from so much of the order dated August 20, 2015, as adhered to the original determination granting the City's motion for summary judgment dismissing the complaint insofar as asserted against it.
As the Supreme Court reviewed the merits of the plaintiff's contentions raised in his motion for leave to reargue, "the court, in effect, granted reargument and adhered to its original determination" (NYCTL 1998-2 Trust v Michael Holdings, Inc., 77 AD3d 805, 806). Accordingly, contrary to the City's contention, the order dated August 20, 2015, "made, in effect, upon reargument, is appealable" (id. at 806; see Matter of Mattie M. v Administration for Children's Servs., 48 AD3d 392, 393; Rivera v Glen Oaks Vil. Owners, Inc., 29 AD3d 560, 561).
As a general rule, we do not consider any issue raised on a subsequent appeal that could have been raised in an earlier appeal which was dismissed for lack of prosecution, although this Court has the inherent jurisdiction to do so (see Faricelli v TSS Seedman's, 94 NY2d 772, 774; Rubeo v National Grange Mut. Ins. Co., 93 NY2d 750; Bray v Cox, 38 NY2d 350; Green Tree Credit, LLC v Jelks, 120 AD3d 1299, 1300). Here, the plaintiff appealed from the order dated September 24, 2014, which granted the defendants' motions for summary judgment and directed dismissal of the complaint. In March 2016, this Court dismissed the plaintiff's appeal from that order for failure to perfect in accordance with the rules of this Court (see 22 NYCRR 670.8[h]). In the order appealed from, the Supreme Court, in effect, granted the plaintiff's motion to reargue his opposition to the defendants' motions for summary judgment and, upon reargument, adhered to its original determination in the order appealed from dated August 20, 2015. While the better practice would have been for the plaintiff to withdraw the prior appeal, rather than abandon it, we nevertheless exercise our discretion to review the issues raised on the appeal from the order made upon reargument (see Ismail v Burnbury, 118 AD3d 756, 757; Franco v Breceus, 70 AD3d 767, 768; Neuburger v Sidoruk, 60 AD3d 650, 652).
The plaintiff failed to show that the Supreme Court overlooked or misapprehended any matters of fact or law in granting the City's motion for summary judgment (see CPLR 2221[d][2]). "Where, as here, a municipality has enacted a prior written notice law, it may not be subjected to liability for injuries caused by a dangerous roadway condition unless it has received prior written notice of the dangerous condition, or an exception to the prior written notice requirement applies" (Phillips v City of New York, 107 AD3d 774, 774; see Wald v City of New York, 115 AD3d 939, 940). "Where the City establishes that it lacked prior written notice under [Administrative Code of City of NY § 7-201], the burden shifts to the plaintiff to demonstrate the applicability of one of two recognized exceptions to the rule—that the municipality affirmatively created the defect through an act of negligence or that a special use resulted in a special benefit to the locality" (Yarborough v City of New York, 10 NY3d 726, 728). The special use exception is reserved for situations where a municipality derives a special benefit from the property unrelated to the public use (see Poirier v City of Schenectady, 85 NY2d 310, 315; Methal v City of New York, 116 AD3d 743, 744; Denio v City of New Rochelle, 71 AD3d 717, 718).
It is undisputed that the City demonstrated, prima facie, that it lacked prior written notice of the alleged defect. It is further undisputed that the record contains no evidence that the City created the condition that allegedly caused the plaintiff's accident. The plaintiff contends that this case falls within the special use exception because bicycle lanes provide a special benefit to the City by "enhancing its status" and "attracting residents and tourists." However, the plaintiff failed to demonstrate that the implementation of bicycle lanes on City roadways bestowed a special benefit upon the City unrelated to the public use or that it constituted a special use of the roadways (see Oboler v City of New York, 8 NY3d 888, 890; Poirier v City of Schenectady, 85 NY2d at 315; Methal v City of New York, 116 AD3d at 744). Accordingly, the record supports the Supreme Court's adherence to its prior determination granting the City's motion for summary judgment dismissing the complaint insofar as asserted against it.
BALKIN, J.P., SGROI, MALTESE and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court