Padarat v New York City Tr. Auth. (2019 NY Slip Op 06406)





Padarat v New York City Tr. Auth.


2019 NY Slip Op 06406


Decided on August 28, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 28, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
ROBERT J. MILLER
VALERIE BRATHWAITE NELSON
LINDA CHRISTOPHER, JJ.


2016-07466
 (Index No. 18968/12)

[*1]Rosita Padarat, plaintiff-respondent, 
v
New York City Transit Authority, et al., defendants, Triangle Associates, defendant-respondent, VAJ Enterprises Corp., appellant.


Paganini, Cioci, Pinter, Cusumano & Farole (Gannon, Rosenfarb & Drossman, New York, NY [Lisa L. Gokhulsingh and Edwark Fleck], of counsel), for appellant.
Mallilo & Grossman, Flushing, NY (Francesco Pomara, Jr., and Yelena Ruderman of counsel), for plaintiff-respondent.
Margaret G. Klein (Mischel & Horn, P.C., New York, NY [Scott T. Horn, Arshia Hourizadeh, and Lauren Bryant], of counsel), for defendant-respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendant VAJ Enterprises Corp. appeals from an order of the Supreme Court, Queens County (Kevin J. Kerrigan, J.), dated June 14, 2016. The order denied that defendant's motion for leave to renew and reargue its prior motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.
ORDERED that the appeal from so much of the order as denied that branch of the motion of the defendant VAJ Enterprises Corp. which was for leave to reargue its prior motion for summary judgment is dismissed, as no appeal lies from an order denying reargument; and it is further,
ORDERED that the order is reversed insofar as reviewed, on the law, on the facts, and in the exercise of discretion, that branch of the motion of the defendant VAJ Enterprises Corp. which was for leave to renew its prior motion for summary judgment is granted and, upon renewal, the prior motion of the defendant VAJ Enterprises Corp. for summary judgment dismissing the complaint and all cross claims insofar as asserted against it is granted on the merits; and it is further,
ORDERED that one bill of costs is awarded to the appellant.
The plaintiff alleges that she sustained injuries when she tripped and fell as a result of a defective condition on a public sidewalk abutting the China Garden restaurant (hereinafter the restaurant). The restaurant is owned by the defendant VAJ Enterprises Corp. (hereinafter VAJ), which is a tenant of premises owned by the defendant Triangle Associates.
VAJ moved for summary judgment dismissing the complaint and all cross claims [*2]insofar as asserted against it on the grounds that the alleged defective condition was trivial as a matter of law; that VAJ was not an owner of the building and had no statutory duty to repair or maintain the sidewalk pursuant to section 7-210 of the Administrative Code of the City of New York; that VAJ did not have a duty to repair or maintain the sidewalk since it did not create the alleged condition, or make special use of the sidewalk abutting the restaurant; and that VAJ did not have a contractual obligation under the terms of the lease to repair or maintain the sidewalk abutting the restaurant.
In an order dated December 9, 2014, the Supreme Court held that section 7-210 of the Administrative Code imposes a nondelegable duty only upon an owner, and that no cause of action lies against VAJ, as a tenant, based on the Administrative Code. The court granted VAJ's motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it on the ground that the alleged defective condition was trivial as a matter of law. The court did not consider the alternative grounds raised by VAJ. The plaintiff appealed from so much of the order as granted that branch of VAJ's motion which was for summary judgment dismissing the complaint insofar as asserted against VAJ, and this Court reversed, concluding, in a decision and order dated March 23, 2016, that VAJ failed to make a prima facie showing that the alleged defective condition was trivial as a matter of law (see Padarat v New York City Tr. Auth, 137 AD3d 1095).
Thereafter, VAJ moved in the Supreme Court for leave to renew and reargue its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it, on the alternative grounds that the Supreme Court had declined to address in its prior decision. In an order dated June 14, 2016, the court denied VAJ's motion. The court reasoned that it lacked the authority to grant renewal because this Court, upon reversing the order awarding VAJ summary judgment, concluded that VAJ's motion should have been denied, stated that the Supreme Court should have denied VAJ's motion without regard to the sufficiency of the plaintiff's opposition, and did not remit the matter to the Supreme Court to determine VAJ's alternative grounds for summary judgment. VAJ appeals.
Contrary to the Supreme Court's determination, it was not precluded from granting renewal, or from considering and determining, on the merits, VAJ's additional grounds for summary judgment dismissing the complaint and all cross claims insofar as asserted against VAJ, due to this
Court's conclusion that the Supreme Court should have denied the motion (see e.g. Utica Mut. Ins. Co. v Brooklyn Navy Yard Dev. Corp., 83 AD3d 817).
On the plaintiff's prior appeal from the Supreme Court's order granting VAJ's summary judgment motion, this Court had before it the single issue of whether VAJ had established its prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against it on the ground that the alleged defective condition was trivial. In the decision and order dated March 23, 2016, this Court, after setting forth the legal standards required to determine whether a defect is trivial and not actionable (see Hutchinson v Sheridan Hill House Corp., 26 NY3d 66; Mazza v Our Lady of Perpetual Help R.C. Church, 134 AD3d 1073; Grundstrom v Papadopoulos, 117 AD3d 788; Deviva v Bourbon St. Fine Foods & Spirit, 116 AD3d 654), determined that VAJ failed to make a prima facie showing that the alleged defective condition was trivial because VAJ failed to submit any measurements of the dimensions of the alleged defective condition (see Padarat v New York City Tr. Auth., 137 AD3d 1095). No other issues or grounds for summary judgment were considered by this Court. Thus, this Court's denial of the motion signified only that the branch of the motion which was for summary judgment dismissing the complaint insofar as asserted against VAJ, on the ground that the defect was trivial and not actionable, was not properly granted.
While the Supreme Court was understandably reluctant to act in a manner that may have seemed contrary to this Court's decision and order, when read as a whole, that decision and order determined only that VAJ's motion, insofar as it sought summary judgment dismissing the complaint insofar as asserted against VAJ on the ground that the alleged defective condition was trivial as a matter of law, should have been denied.
Thus, the Supreme Court was not precluded from granting VAJ leave to renew its [*3]prior motion and considering its additional proffered grounds for summary judgment dismissing the complaint and all cross claims insofar as asserted against it. Nor was the Supreme Court's authority to grant renewal, or to consider and determine the merits of VAJ's additional grounds for summary judgment, dependent upon this Court remitting the matter to the Supreme Court for consideration of those additional grounds (see e.g. Utica Mut. Ins. Co. v Brooklyn Navy Yard Dev. Corp., 83 AD3d 817).
In the interest of judicial economy, and under the circumstances of this case where the record is complete, we deem it appropriate to address the merits of VAJ's motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it, rather than remit the matter to the Supreme Court, Queens County, to do so (see Rivera v Queens Ballpark Co., LLC, 134 AD3d 796, 797; Krause v Lobacz, 131 AD3d 1128, 1129).
"As a general rule, a landowner or tenant will not be liable to a pedestrian injured by a defect in a public sidewalk abutting its premises" (Cannizzaro v Simco Mgt. Co., 26 AD3d 401, 401; see Hausser v Giunta, 88 NY2d 449, 452-453). An abutting landowner or tenant will only be liable if it either " created the defect, caused it to occur by a special use, or breached a specific ordinance or statute which obligates the owner to maintain the sidewalk'" (Cannizzaro v Simco Mgt. Co., 26 AD3d at 402, quoting Jeanty v Benin, 1 AD3d 566, 567; see Lowenthal v Theodore H. Heidrich Realty Corp., 304 AD2d 725, 726).
VAJ established, prima facie, that it did not create the defect that allegedly caused the plaintiff's fall. VAJ submitted evidence in the form of transcripts of deposition testimony and photographs, demonstrating that there had been no changes to the sidewalk area in front of the restaurant from the time the restaurant started operation until the date of the incident, nor had there been any repairs or renovation work done to the sidewalk during that same time period (see Devine v City of New York, 300 AD2d 532, 533).
With regard to the plaintiff's contention that VAJ made special use of the area of the sidewalk where the plaintiff fell, this theory was raised by the plaintiff for the first time in opposition to the motion for summary judgment, and thus cannot be considered as a basis for defeating summary judgment (see Taustine v Incorporated Vil. of Lindenhurst, 158 AD3d 785, 786; Methal v City of New York, 116 AD3d 743, 744; Pinn v Baker's Variety, 32 AD3d 463, 464; Yaeger v UCC Constructors, 281 AD2d 990, 991). This contention of the plaintiff was opposed for the first time by VAJ on appeal. In any event, there is no merit to the plaintiff's contention that VAJ made special use for its own benefit of the area of the "sloped," "slanted" sidewalk where the plaintiff fell (see Methal v City of New York, 116 AD3d at 744; Devine v City of New York, 300 AD2d at 533). VAJ established that the "sloped," "slanted" sidewalk was present when VAJ first assumed the lease in 2009, and was not created for VAJ's use or at its behest; VAJ did not derive any special benefit that was unrelated to the public use (see Kaufman v Silver, 90 NY2d 204; Methal v City of New York, 116 AD3d at 744; Minott v City of New York, 230 AD2d 719, 720). Additionally, the restaurant entry flanked by two metal railings on either side did not extend into the public sidewalk area where the plaintiff allegedly fell, and there was no evidence that the entry way to the restaurant contributed in any way to the allegedly defective condition or played a part in the plaintiff's fall (see MacLeod v Pete's Tavern, 87 NY2d 912). Moreover, the entry way flanked by the two metal railings did not define the plaintiff's path, in effect directing her toward the alleged defect and causing her to fall (cf. Curtis v City of New York, 179 AD2d 432).
Further, under the terms of the lease between VAJ and the defendant landlord/owner, Triangle Associates, VAJ had no obligation to maintain the sidewalk (see O'Brien v Prestige Bay Plaza Dev. Corp., 103 AD3d 428, 429).
Therefore, VAJ demonstrated its prima facie entitlement to judgment as a matter of law. In opposition, the plaintiff failed to raise a triable issue of fact (see Bousquet v Water View Realty Corp., 161 AD3d 718, 719).
Accordingly, the Supreme Court should have granted renewal, and, upon renewal, granted VAJ's motion for summary judgment dismissing the complaint and all cross claims insofar [*4]as asserted against it.
BALKIN, J.P., MILLER, BRATHWAITE NELSON and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court