Ocello v City of New York (2021 NY Slip Op 03042)





Ocello v City of New York


2021 NY Slip Op 03042


Decided on May 12, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 12, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
BETSY BARROS
LINDA CHRISTOPHER
PAUL WOOTEN, JJ.


2019-05126
 (Index No. 10140/14)

[*1]Carlo Ocello, appellant, 
v
City of New York, et al., respondents.


Krenstel & Guzman, LLP, New York, NY (Marcia K. Raicus of counsel), for appellant.
James E. Johnson, Corporation Counsel, New York, NY (Claude S. Platton, Susan Paulson, and Karlynne Fequiere of counsel), for respondent City of New York.
Gallo Vitucci Klar LLP, New York, NY (Jessica A. Clark of counsel), for respondent Perfetto Contracting, Inc.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Richmond County (Thomas P. Aliotta, J.), dated March 19, 2019. The order, insofar as appealed from, granted that branch of the motion of the defendant City of New York which was for summary judgment dismissing the complaint insofar as asserted against it and granted that branch of the motion of the defendant Perfetto Contracting, Inc., which was for summary judgment dismissing the complaint insofar as asserted against it.
ORDERED that the order is affirmed insofar as appealed from, with one bill of costs.
On May 17, 2014, at approximately 1:00 p.m., the plaintiff was crossing Wiman Avenue at its intersection with Russell Street in Staten Island, when his foot became stuck in a hole in the street, causing him to trip and fall and sustain injuries. Prior to the plaintiff's accident, the City of New York awarded a contract to Perfetto Contracting, Inc. (hereinafter Perfetto), to perform work in the area of Wiman Avenue. Perfetto performed its work, which involved replacing two
sewer lines, from March 13, 2013, to March 21, 2013.
The plaintiff commenced this action to recover damages for personal injuries against the City and Perfetto. The City moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against it, and Perfetto moved, among other things, for summary judgment dismissing the complaint insofar as asserted against it. The plaintiff opposed both motions. The Supreme Court granted both motions, and the plaintiff appeals.
"Where, as here, a municipality has enacted a prior written notice law, it may not be subjected to liability for injuries caused by a dangerous roadway condition unless it has received prior written notice of the dangerous condition, or an exception to the prior written notice requirement applies" (Phillips v City of New York, 107 AD3d 774, 774; see Budoff v City of New York, 164 AD3d 737, 739; Conner v City of New York, 104 AD3d 637). "The only recognized exceptions to the statutory prior written notice requirement involve situations in which the [*2]municipality created the defect or hazard through an affirmative act of negligence, or where a special use confers a benefit upon the municipality" (Conner v City of New York, 104 AD3d at 638; see Budoff v City of New York, 164 AD3d at 739).
Here, the City established its prima facie entitlement to judgment as a matter of law by demonstrating that it had not received prior written notice of the condition that allegedly caused the plaintiff's injuries (see Budoff v City of New York, 164 AD3d at 739; Conner v City of New York, 104 AD3d at 638; Phillips v City of New York, 107 AD3d at 775). In opposition, the plaintiff failed to raise a triable issue of fact as to whether the City received prior written notice, or whether either of the recognized exceptions to the prior written notice requirement applied (see Budoff v City of New York, 164 AD3d at 739; Conner v City of New York, 104 AD3d at 638; Phillips v City of New York, 107 AD3d at 775). Accordingly, the Supreme Court properly granted that branch of the City's motion which was for summary judgment dismissing the complaint insofar as asserted against it.
"A contractor may be liable for an affirmative act of negligence which results in the creation of a dangerous condition upon a public street" (McGee v City of New York, 161 AD3d 1062, 1062; see Cruz v Keyspan, 120 AD3d 1290, 1291). Here, Perfetto established its prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against it by demonstrating that it did not perform any work in the area of the plaintiff's accident and that it did not create the alleged defect (see McGee v City of New York, 161 AD3d at 1062; Cruz v Keyspan, 120 AD3d at 1291; Walton v City of New York, 105 AD3d 732, 732). In opposition, the plaintiff failed to raise a triable issue of fact. Accordingly, the Supreme Court properly granted that branch of Perfetto's motion which was for summary judgment dismissing the complaint insofar as asserted against it.
RIVERA, J.P., BARROS, CHRISTOPHER and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court