Encalada v Brooklyn Union Gas Co. (2023 NY Slip Op 06027)

Encalada v Brooklyn Union Gas Co.

2023 NY Slip Op 06027

Decided on November 22, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 22, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
VALERIE BRATHWAITE NELSON
WILLIAM G. FORD
JANICE A. TAYLOR, JJ.

2021-05607
 (Index No. 520035/17)

[*1]Rosa Encalada, respondent,
v
Brooklyn Union Gas Company, etc., appellant, et al., defendant.

Hammill, O'Brien, Croutier, Dempsey, Pender & Koehler, P.C., Syosset, NY (Patricia Donohoe of counsel), for appellant.
Pavlounis & Sfouggatakis, LLP, Brooklyn, NY (The Altman Law Firm, PLLC, Woodmere, NY [Michael T. Altman], of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendant Brooklyn Union Gas Company appeals from an order of the Supreme Court, Kings County (Richard Velasquez, J.), dated June 29, 2021. The order, insofar as appealed from, upon reargument, adhered to a prior determination in an order of the same court dated August 31, 2020, denying the motion of Brooklyn Union Gas Company for summary judgment dismissing the complaint and all cross-claims insofar as asserted against it.
ORDERED that the order dated June 29, 2021, is affirmed insofar as appealed from, with costs.
On July 28, 2016, the plaintiff allegedly was injured when she tripped and fell over a temporary asphalt patch at the edge of a pedestrian ramp on a street in Brooklyn. The plaintiff subsequently commenced this action to recover damages for personal injuries against, among others, the defendant Brooklyn Union Gas Company (hereinafter BUG), alleging that BUG was negligent in creating the allegedly defective condition when it performed work in the area of the accident. BUG moved for summary judgment dismissing the complaint and all cross-claims insofar as asserted against it. In an order dated August 31, 2020, the Supreme Court denied the motion. BUG subsequently moved for leave to reargue its motion. In an order dated June 29, 2021, the court granted reargument, and, upon reargument, adhered to its prior determination in the August 31, 2020 order, denying BUG's motion.
A contractor may be liable for an affirmative act of negligence that results in the creation of a dangerous condition upon a public street (see Brown v Welsbach Corp., 301 NY 202, 205; McGee v City of New York, 161 AD3d 1062). Here, upon reargument, BUG failed to establish its entitlement to judgment as matter of law dismissing the complaint and all cross-claims insofar as asserted against it. The deposition testimony of its consultant, and the various records upon which the consultant relied, failed to conclusively establish that BUG did not perform work prior to the subject accident in the area where the plaintiff was allegedly injured, and that BUG did not create the dangerous condition that caused the plaintiff's injuries (see Alvarez v Prospect Hosp., 68 NY2d [*2]320, 324). Since BUG failed to establish its prima facie entitlement to judgment as a matter of law, its motion for summary judgment was properly denied without regard to the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
DILLON, J.P., BRATHWAITE NELSON, FORD and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court