Babayan v City of New York (2026 NY Slip Op 00230)

Babayan v City of New York

2026 NY Slip Op 00230

Decided on January 21, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 21, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
LINDA CHRISTOPHER
CARL J. LANDICINO
JAMES P. MCCORMACK, JJ.

2023-06755
 (Index No. 17132/14)

[*1]Maria Babayan, appellant, 
vCity of New York, et al., defendants, Verizon New York, Inc., et al., respondents (and a third-party action).

Goidel & Siegel, LLP (Joshua Annenberg, New York, NY, of counsel), for appellant.
Lewis Brisbois Bisgaard & Smith LLP, New York, NY (Katie Lee Wright and Anthony Luckie of counsel), for respondent Verizon New York, Inc.
Brian Rayhill, Garden City, NY (Kerrie Barry of counsel), for respondent V.N.A. Utility Contracting Co., Inc.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Patria Frias-Colón, J.), dated January 18, 2023. The order, insofar as appealed from, granted that branch of the motion of the defendant Verizon New York, Inc., and that branch of the cross-motion of the defendant V.N.A. Utility Contracting Co., Inc., which were for summary judgment dismissing the amended complaint insofar as asserted against each of them.
ORDERED that the order is affirmed insofar as appealed from, with one bill of costs.
On February 19, 2014, the plaintiff allegedly was injured when she tripped and fell due to a hole in a crosswalk at the intersection of Neptune Avenue and Ocean Parkway in Brooklyn. She thereafter commenced this action to recover damages for personal injuries against, among others, the defendant Verizon New York, Inc. (hereinafter Verizon), which had been issued a permit in 2013 to perform certain work in the vicinity. The plaintiff then amended the complaint to add the defendant V.N.A. Utility Contracting Co., Inc. (hereinafter VNA), which had performed work for Verizon in relation to the permit. Verizon had hired VNA to perform excavation work for conduit construction, which VNA began on March 17, 2013, and completed on March 19, 2013. Verizon moved, inter alia, for summary judgment dismissing the amended complaint insofar as asserted against it, and VNA cross-moved, among other things, for summary judgment dismissing the amended complaint insofar as asserted against it. In an order dated January 18, 2023, the Supreme Court, inter alia, granted that branch of Verizon's motion and that branch of VNA's cross-motion. The plaintiff appeals.
"A contractor may be liable for an affirmative act of negligence that results in the creation of a dangerous condition upon a public street" (Encalada v Brooklyn Union Gas Co., 221 AD3d 860, 860; see Rosa v City of New York, 215 AD3d 707, 708; Ocello v City of New York, 194 AD3d 828, 829). Here, Verizon and VNA established their prima facie entitlement to judgment as [*2]a matter of law dismissing the amended complaint insofar as asserted against each of them by demonstrating that they did not perform any work at the location where the alleged accident occurred or otherwise create the defect that caused the plaintiff's injuries (see Wright v City of New York, 233 AD3d 1053, 1054; Thomas v City of New York, 216 AD3d 1199; Chtchannikova v City of New York, 174 AD3d 572, 573). In opposition, the plaintiff failed to raise a triable issue of fact (see Garafola-Booth v City of New York, 164 AD3d 473, 474; Burton v City of New York, 153 AD3d 487, 488).
Accordingly, the Supreme Court properly granted that branch of Verizon's motion and that branch of VNA's cross-motion which were for summary judgment dismissing the amended complaint insofar as asserted against each of them.
In light of our determination, we need not reach the parties' remaining contentions.
CHAMBERS, J.P., CHRISTOPHER, LANDICINO and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court